■ In the Matter of FORT WILLIAM HENRY CORP., Petitioner, v STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which denied petitioner's application for a redetermination of sales taxes under articles 28 and 29 of the Tax Law for the period June 1, 1967 through May 31, 1970. Petitioner, a domestic corporation, operates the Fort William Henry Museum at Lake George, New York, and charges visitors an admission fee which the respondent State Tax Commission has determined is subject to the sales tax imposed by article 28 of the Tax Law. The amount of additional taxes assessed by respondent for the period in question is not disputed. However, this proceeding to annul that determination ensued when, following a hearing, petitioner's application for a redetermination on the issue of taxability was denied by respondent. A sales tax is imposed upon any admission charge "to or for the use of any place of

amusement" (Tax Law, § 1105, subd [f], par [1]) which, in turn, is defined as a place "where any facilities for entertainment, amusement, or sports are provided" (Tax Law, § 1101, subd [d], par [10]). Among the several exceptions or exemptions elsewhere contained in the Tax Law is one stating that such charges are not subject to sales tax if they are "admissions to historic sites, houses and shrines, and museums conducted in connection therewith, maintained and operated by a society or organization devoted to the preservation and maintenance of such historic sites, houses, shrines and museums; provided no part of the net earnings thereof inures to the benefit of any private stockholder or individual" (Tax Law, § 1116, subd [d], par [3], cl [C]). Petitioner cannot qualify for this exemption because, concededly, it is a profit-making entity. Nevertheless, petitioner argues that this does not automatically mean that its admission charges are thereby rendered taxable and stresses the absence of any specific finding by respondent that its museum is a "place of amusement" in support of this position. It is further contended that the quoted exemption favoring not-for-profit organizations amounts to a denial of equal protection. Since petitioner's admission charges were ruled taxable, respondent's determination necessarily implied that its museum constitutes a "place of amusement" within the statutory definition. The record contains substantial evidentiary support for this conclusion. Visitors may view artifacts and exhibits which include an audio-visual display about the fort. In addition, they may watch appropriately dressed personnel demonstrate the firing of musket and cannon. The status of this facility as a provider of amusement or entertainment, as those terms are commonly understood, is certainly not weakened merely because the matters presented may also be of historic and educational significance *(Matter of Wien v Murphy,* 28 AD2d 222, mot for lv to app den 22 NY2d 646). Furthermore, after coverting this article 78 proceeding to an action for declaratory judgment in order to reach the constitutional issue raised by petitioner *(Matter of Jerry v Board of Educ. of City School Dist. of City of Syracuse,* 35 NY2d 534), we conclude that, inasmuch as several states of fact may be conceived which would support the challenged classification *(Shapiro v City of New York,* 32 NY2d 96, app dsmd 414 US 804), petitioner's equal protection argument lacks merit and must be rejected. Determination confirmed and petition dismissed, with costs. Koreman, P. J., Greenblott, Kane, Main and Larkin, JJ., concur.