DANIEL G. SMITH, Deputy Secretary Department of Revenue
You request my opinion whether fees imposed by the Department of Natural Resources pursuant to sec. 27.01 (2r), Stats., are subject to sales taxation under sec. 77.52(2)(a)2., Stats. It is my understanding that the Department of Natural Resources currently collects sales tax on many fees and charges, e.g., camping fees, charges for electricity and firewood provided campers, greens fees and equipment rentals. Wis. Adm. Code section NR 45.16. The Department does not, however, collect sales tax on fees imposed pursuant to sec. 27.01(2r), Stats., on persons who operate motor vehicles in state parks and forests. For the reasons which follow, I am of the opinion that such fees are admission fees and therefore subject to the Wisconsin sales tax.
The sales tax in Wisconsin is a privilege tax levied and imposed upon "persons" for the privilege of selling, performing, or furnishing specified services. Sec. 77.52(2), Stats.;Ramrod, Inc. v. Department of Revenue, 64 Wis.2d 499,219 N.W 2d 604 (1974). The Department of Natural Resources is clearly a "person" for purposes of sales taxation. According to sec. 77.51
(3) Stats.:
 "`Person' includes . . . the state of Wisconsin, including any unit or division thereof . . . ." *Page 206 
As you state in your letter, the sales tax is levied and imposed on the sales of admissions. Section 77.52(2)(a)2., Stats., provides that the sales tax applies to:
 "2. The sale of admissions to places of amusement, athletic entertainment or recreational events or places, the sale, rental or use of regular bingo cards, extra regular cards, special bingo cards and the sale of bingo supplies to players and the furnishing, for dues, fees or other considerations, the privilege of access to clubs or the privilege of having access to or the use of amusement, entertainment, athletic or recreational devices or facilities."
The authority to impose and collect fees from persons operating motor vehicles in state parks and forests is granted the Department of Natural Resources by sec. 27.01(7r)(a), Stats., which states in pertinent part:
 "(2r) Admission fees. (a) No person may operate an automobile, motor truck, motor delivery wagon, bus, motorcycle or other similar motor vehicle or trailer or semitrailer used in connection therewith in Council Grounds state forest or Point Beach state forest or in developed recreational areas in other state forests designated as such by the department or in any state park or roadside park except those specified in par. (b), unless such vehicle has affixed thereto an annual admission sticker or a daily admission tag as herein provided . . . ."
It is apparent from the foregoing statutory language alone that the fee collected by the Department of Natural Resources is an admission fee both in description and application. The statutory subsection is captioned "Admission Fees" and although a title is not part of a statute, it can be persuasive of the interpretation to be given the statute. Pure Milk Products Co-op v. NationalFarmers Organization, 64 Wis.2d 241, 219 N.W.2d 564 (1974). Additionally, the subsection describes the receipts of payment as "admission" tags and "admission" stickers. It is a fundamental rule of construction that words in a statute should be given their ordinary and accepted meaning. Snorek v. Boyle, 18 Wis.2d 202,118 N.W.2d 132 (1962); Estate of Riebs, 8 Wis.2d 110,98 N.W.2d 453 (1959). The clear language of the statute indicates that the money collected is an admission fee. Admittedly, interpreting a statute which might result *Page 207 
in the imposition of a tax demands special caution, and any doubt must be resolved in favor of the person upon whom the tax is to be imposed. National Amusement Co. v. Dept. of Revenue,41 Wis.2d 261, 163 N.W.2d 625 (1969). However, one "is not to search for doubt in an endeavor to defeat an obvious legislative intention." National Amusement Co., supra.
It should also be noted that the fee is applied as an admission fee. While the measure of the fee is the motor vehicle, the fee is collected from any person operating a motor vehicle who desires admission to the park or forest. Only persons who operate vehicles which are exempted by sec. 27.01(2r)(b) or whose lees have been waived by the Department of Natural Resources under Wis. Adm. Code section NR 45.17 may enter the park or forest without paying the admission fee.
In light of the above analysis of the fee both as defined and as applied and in view of the fact that state parks and forests provide recreational enjoyment to visitors, I conclude that the fee collected pursuant to sec. 27.01 (2r), Stats., constitutes a sale of admission to a recreational place under sec.77.52(2)(a)2., Stats., and is subject to the sales tax imposed pursuant thereto.
Section 27.01(2r), Stats., does not authorize collection of the admission fee from pedestrians or bicyclists who enter a state park or forest. This fact, however, does not affect my initial determination that the fee charged is an admission fee; nor does it necessitate a revision of the further conclusion that admission fees collected pursuant to this statutory subsection are taxable as sales of admissions under sec. 77.52(2)(a)2. The substantial additional costs incurred by the state in construction and maintenance of roads and parking lots to accommodate automobiles clearly provide a rational basis for charging an admission fee for motor vehicles, but not for pedestrians or bicyclists. Since there is a rational basis for charging a fee depending on the mode of entry, I see no equal protection objection to the conclusion that the admission fees collected are subject to Wisconsin sales tax.
The general exemptions from the sales tax are enumerated in sec. 77.54, Stats. None of these exemptions is applicable to the collection of admission fees to state parks and forests. You indicate in your letter that the argument has been made to your department that the admission fee collected by the Department of Natural Resources is a *Page 208 
parking fee imposed by a governmental unit and thereby is excluded from sales taxation by sec. 77.52(2)(a)9., Stats. In my opinion such argument ignores clear statutory language. Section27.01(2r)(a), Stats., states that the fee is an "admission fee," not a "parking fee." Moreover, the fee is collected only from persons who "operate" motor vehicles. While parking may be incidental to the operation of a motor vehicle, 60 C.J.S. MotorVehicles sec. 6(2), p. 160, I do not believe a fee for "operation" of a vehicle can be characterized as a parking fee to achieve tax exemption. As stated by the Wisconsin Supreme Court in Ramrod,Inc. v. Department of Revenue, 64 Wis.2d 499, 504,219 N.W.2d 604 (1974):
 "It is a long-established rule of statutory construction in this state that tax exemptions, deductions and privileges are matters of legislative grace and tax statutes are to be strictly construed against the granting of the same. One who claims such an exemption must point to an express provision granting such exemption and bring himself clearly within the terms of the exemption . . . . "
Since the fees charged by the Department of Natural Resources pursuant to sec. 27.01 (2r), Stats., are admission fees and since their sale constitutes a taxable service under sec.77.52(2)(a)2., Stats., for which no exemption has been provided, I conclude that such fees are subject to Wisconsin sales taxation.
BCL:SCM