DANIEL G. SMITH, Administrator Income, Sales, Inheritance andExcise Taxes Department of Revenue
You ask whether the admission fees collected by the Circus World Museum in Baraboo are subject to the sales tax. The answer is yes.
You point out that sec. 77.52 (2)(a)2., Stats., as amended by ch. 142, sec. 21, Laws of 1977, imposes a sales tax on:
 "The sale of admissions to amusement, athletic entertainment or recreational events or places, the sale, rental or use of regular bingo cards, extra regular cards, special bingo cards and the sale of bingo supplies to players and the furnishing, for dues, fees or other considerations, the privilege of access to clubs or the privilege of having access to or the use of amusement, entertainment, athletic or recreational devices or facilities." *Page 201 
The basic question is whether the Circus World Museum is an amusement, athletic entertainment or recreational event or place.
You state that the Circus World Museum is a nonprofit corporation owned by the State Historical Society of Wisconsin. It is open daily from mid-May through mid-September. Its primary attraction consists of daily circus acts during these months. In addition, visitors can view over 100 restored circus wagons, several display buildings, including many of the Ringling Brothers' original winter quarters, and a library and archive. The Circus World Museum takes the position that it is a museum and that the admission fees are paid for admission to an educational place. You state that although the Museum may have some historical and educational significance, this does not change its character as a place or event of amusement, entertainment or recreation. You have enclosed correspondence showing that in 1969 the Secretary of the Department of Revenue determined that these admission fees were subject to the sales tax and then reversed his position and determined that the fees were not subject to the tax. The Department of Revenue consistently maintained this position until November of 1977 when it again reversed itself, relying upon 66 Op. Att'y Gen. 205 (1977) and a 1976 New York case, In the Matter of Fort WilliamHenry Corp. v. State Tax Com'n, 52 A.D.2d 664, 381 N.Y.S.2d 907
(1976).
The Attorney General's opinion referred to is not in point because it concerned the meaning of the word "admission" in sec.77.52 (2)(a)2., Stats.
The Fort William Henry case, supra, is not particularly helpful here because the New York statute imposed a tax on profit-making organizations while exempting nonprofit-making organizations. The question was whether the Museum came within an exemption, not whether the Museum was an amusement place or event.
In light of the breadth of the statutory language, "amusement events or places," and giving that language its ordinary meaning, it is my opinion that the admission fees collected by the Circus World Museum in Baraboo are subject to the sales tax imposed by sec. 77.52 (2)(a)2., Stats., on amusement events or places.
The supreme court has said that the burden is on the taxpayer to show he comes within the exemption, and tax exemptions are strictly construed against the taxpayer. Three Lions Supper Clubv. *Page 202 Department of Revenue, 72 Wis.2d 546, 548, 241 N.W.2d 190 (1976). I have concluded that there is no statutory language which could be construed as exempting the taxpayer from the sales tax under the circumstances you have described.
I find no basis for allowing an exception to or exemption from the sales tax imposed by sec. 77.52 (2) (a) 2. for persons or entities, public or private, engaged in historic or educational activities. If the place or event for which an admission fee is charged is one of amusement, athletic entertainment or is recreational, it is taxable even though the event may have a significant historic or educational aspect.
I conclude that the Circus World Museum is an amusement event or place, and the admission fees collected by the Circus World Museum in Baraboo are subject to sales tax under sec. 77.52 (2) (a)2.
BCL:JEA