In the Matter of EUGENE J. DEVEREAUX, Appellant, v NEW YORK STATE TEACHERS' RETIREMENT BOARD et al., Respondents.

Third Department, June 26, 1980

**APPEARANCES OF COUNSEL**

*Bernard F. Ashe (Ira Paul Rubtchinsky* of counsel), for appellant.

*Robert Abrams, Attorney-General (Lew A. Millenbach, Shirley Adelson Siegel* and *William J. Kogan* of counsel), for respondents.

STALEY, JR., J.

Petitioner was employed as a full-time teacher in the State of New Jersey from September, 1938 until June, 1942 when he became a member of the armed forces of the United States. Upon being honorably discharged in March, 1946, he resumed teaching in New Jersey, and continued to teach there until the month of June, 1946. He was a member of the Teachers' Pension and Annuity Fund of New Jersey from September,

1938 until June, 1946, which granted him credit for the time he served in military service.

In 1954, petitioner commenced teaching in New York State and became a member of the New York State Teachers' Retirement System. Petitioner continued to teach in New York State until his retirement on July 1, 1978. The New York State Retirement System has credited him with 24 years of teaching service in New York State, and with four years and five months' teaching service in New Jersey, which he was allowed to purchase pursuant to section 509 of the Education Law.

On April 23, 1978, petitioner requested credit for his military service during World War II. By letter dated April 27, 1978, the executive director of the New York State Teachers' Retirement System denied the request, stating that his claim for military service during World War II was not creditable under section 243 of the Military Law or sections 503 and 509 of the Education Law.

On August 22, 1978, this proceeding was commenced to compel the New York State Teachers' Retirement System to provide him with credit for his military service while he was a resident of the State of New Jersey. The petition alleges three causes of action.

The first cause of action alleges that he is entitled to credit for his military service pursuant to section 509 of the Education Law as it existed when he became a member of the New York State Teachers' Retirement System in 1954. The second cause of action alleges that the residency requirements of article 11 of the Education Law violate the Constitution of the United States. The third cause of action alleges that the refusal of the respondents to grant him credit for military service is a violation of his rights under section 2021 of title 38 of the United States Code, which provides the right to re-employment to persons inducted into the armed forces of the United States.

Special Term determined that petitioner is not entitled to credit for military service rendered while he was a resident of the State of New Jersey; that the provisions of the Education Law dealing with military service credit are not unconstitutional; and that the provisions of section 2021 of title 38 of the United States Code do not impose an obligation upon the New York State Teachers' Retirement System to grant him credit for his prior military service.

Petitioner contends that he is entitled to credit for his prior military service under section 509 (subd 2, par a) of the Education Law as it existed at the time he became a member of the respondent system, and which provided, in part, as follows: "Each new entrant shall file a detailed statement of service as a teacher and service in a similar capacity in other states rendered by him prior to becoming a member". (L 1947, ch 820.)

It is argued that "service in a similar capacity" does not require actual teaching service, and that New Jersey Teachers' Pension and Annuity Fund having concluded that petitioner was a teacher for retirement purposes during the period of his military service, he is entitled to credit with the respondent system for his military service under section 509 of the Education Law.

The words "service in a similar capacity in other states" must be construed in conjunction with the meaning of the words "service as a teacher". The word "teacher" is defined in subdivision 4 of section 501 of the Education Law. The definition is quite lengthy, but, for the purposes herein, it defines a teacher as a regular or special teacher and other enumerated educational positions in the public school system and other schools, conducted under the order and superintendence of and wholly, or partly, at the expense of the New York State Education Department or of a school district. Service in a similar capacity in another State must then be construed as service as a teacher, or in similar positions as enumerated in subdivision 4 of section 501 of the Education Law in the public school system of another State. There being no mention of military service in subdivision 4 of section 501 of the Education Law, respondents did not act in an arbitrary or capricious manner in defining the words "service in a similar capacity in other states" as excluding military service. Respondents and Special Term, therefore, properly concluded that petitioner was not entitled to credit for his military service under the provisions of section 509 (subd 2, par a) of the Education Law.

Petitioner also contends that the provisions of section 2021 of title 38 of the United States Code impose an obligation upon respondents to grant him credit for his prior military service. That section provides for a right to re-employment by the same employer of persons inducted into the military service, and for the protection of certain benefits such as seniority, status, and pay of such persons upon re-employment

by the same employer. This statute imposes an obligation on the inductee's employer at the time of induction to rehire the inductee after discharge from the armed forces without loss of seniority, status, or pay, providing application for re-employment was made within a specified time after discharge.

■ The statute has no application to a new or subsequent employer. Petitioner's reliance on *Alabama Power Co. v Davis* (431 US 581, 594) is misplaced. Although that case establishes that the right to pension benefits, including credit for time served in military service, is protected by the statute, it is distinguishable from the instant case in that the credit for military service was sought in the pension plan provided by the same employer for whom the veteran had worked prior to entering military service. Special Term, therefore, properly concluded that petitioner was not entitled to relief under section 2021 of title 38 of the United States Code.

■ Petitioner further contends that the provisions of section 503 of the Education Law, as they relate to the granting of military service credit, violate the provisions of clause 1 of section 2 of article IV of the United States Constitution which provides: "The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States". An article 78 proceeding, not being an appropriate vehicle for review of a constitutional question *(Matter of Merced v Fisher,* 38 NY2d 557), this proceeding will be considered as converted to a declaratory judgment action in order to reach the constitutional issue raised *(Matter of Fort William Henry Corp. v State Tax Comm.,* 52 AD2d 664).

Petitioner specifically asserts that the provisions of subdivision 10 of section 503 of the Education Law impose an unconstitutional residency requirement on the obtaining of military service credit. That section, in pertinent part, provides as follows: "[A] member employed as a full-time teacher * * * who joined the retirement system prior to July first, nineteen hundred seventy-three, may obtain credit for military service not in excess of three years * * * rendered on active duty in the armed forces of the United States * * * by a person who was a resident of New York state at the time of entry into such service and at the time of being discharged therefrom".

■ A disparity in treatment between residents of one State and those of other States is permissible when the classification is substantially related to the object of the statute, and a residency requirement which does not specify a specific period

of residency is not unconstitutional *(August v Bronstein,* 369 F Supp 190, affd 417 US 901). The residency requirement of subdivision 10 of section 503 of the Education Law does not contain a durational disability, and the classification is substantially related to the object of the statute, which was the desire of the State of New York to express its gratitude to its sons who entered their country's service in time of war by conferring certain benefits to them to compensate them for the disruption of their way of life and, in many cases, of their employment by service in the armed forces. The benefits conferred by the challenged statute cannot "realistically be held to infringe or penalize the right to travel" *(August v Bronstein, supra,* p 194), guaranteed under clause 1 of section 2 of article IV of the United States Constitution.

The judgment should be affirmed, without costs.

KANE, J. P., MIKOLL, CASEY and HERLIHY, JJ., concur.

Judgment affirmed, without costs.