**William K. BUNYAN,**
**Plaintiff-Appellant,**

v.

**Luis M. CAMACHO, Don C. Warner, Bertha L. Duenas, Frank C. Cruz and Jesus B. Paulino, Defendants-Appellees.**

**C.A. No. 84–2766.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 13, 1985.

Decided Sept. 3, 1985.

David A. Mair, Mair & Mair, Agana, Guam, for plaintiff-appellant.

J.U. Torres, Agana, Guam, for defendants-appellees.

Before SNEED, BEEZER, Circuit Judges, and RAFEEDIE,* District Judge.

* The Honorable Edward Rafeedie, United States District Judge, Central District of California, sitting by designation.

BEEZER, Circuit Judge:

This is an appeal from a summary judgment upholding the constitutionality of a Guam statute that grants retroactive retirement credit to local government employees who were Guam residents before they started college. Appellant challenges the district court's holding that the statute is rationally related to a legitimate governmental purpose. We reverse.

## FACTS

In 1978, the Guam Legislature enacted the following statute:

Any bona fide resident of Guam, who receives his graduate or undergraduate degree from an accredited institution and is employed by the government of Guam, after obtaining such degree, may claim retirement credit equal to the period of time, including vacations, which a full-time student would normally take to complete the program leading to the degree he received, ... by paying to the Fund the appropriate member's and employer's shares ...; provided, however, that this Section shall apply only to those persons:

(a) who received their degrees after June 1, 1945;

(b) who were bona fide residents of Guam at the time they began their undergraduate studies; and

(c) who had been employed by the Government for at least ten (10) years as full-time, locally hired employees.

4 Guam Code Ann. § 8113. Appellant William Bunyan, a high school science teacher who moved to Guam in 1963 after he had already finished college, meets all the statutory requirements for obtaining retroactive retirement credit except that he was not a Guam resident at the time he began his undergraduate studies. He was therefore denied such credit.

Appellant brought a civil rights action against appellees, the members of the Board of Trustees for the Government of Guam Retirement Fund. 42 U.S.C. § 1983. The complaint alleged that subsection (b) of the statute violates the Equal Protection Clause of the U.S. Constitution, and requested declaratory and injunctive relief. The district court granted summary judgment in favor of appellees, holding that the retrospective application of the statute to persons already employed by the local government was rationally related to the legitimate governmental purpose of

express[ing] the gratitude of the Territory of Guam by conferring benefits to those Guamanian residents who enrolled in college, received an undergraduate or graduate degree, and returned to the Territory of Guam with their specialized knowledge, skill, and training to work for the Government of Guam, prior to the enactment of this statute.

Bunyan appeals.

## ANALYSIS

The sole issue on appeal is whether the district court erred in holding that section 8113(b) is rationally related to a legitimate governmental purpose.

We may affirm the district court's order for summary judgment if, viewing the record in the light most favorable to appellant, there was no genuine issue of material fact and the appellees were entitled to judgment as a matter of law. *State of Alaska v. United States,* 754 F.2d 851, 853 (9th Cir.1985). We review the order de novo. *Id.*

■■■ Absent a suspect classification or the infringement of a fundamental right, neither of which is alleged to exist here, the equal protection clause is offended only if the statute's different treatment of the two classes of local government employees bears no rational relationship to a legitimate governmental purpose. *See San Antonio Independent School Dist. v. Rodriguez,* 411 U.S. 1, 40, 93 S.Ct. 1278, 1300, 36 L.Ed.2d 16 (1973); *Parks v. Watson,* 716 F.2d 646, 654 (9th Cir.1983). We may hypothesize the possible legislative purposes for enacting the statute, and must uphold it if *any* legitimate purpose is served. *In re Lara,* 731 F.2d 1455, 1460 & n. 7 (9th Cir.1984); *Brandwein v. California Bd. of*

*Osteopathic Examiners,* 708 F.2d 1466, 1470–71 (9th Cir.1983); *Lamb v. Scripps College,* 627 F.2d 1015, 1021 n. 9 (9th Cir. 1980).

The district court granted summary judgment solely on the basis of *Devereaux v. New York State Teachers' Retirement Board,* 75 A.D.2d 277, 429 N.Y.S.2d 743, *appeal denied,* 51 N.Y.2d 705, 433 N.Y. S.2d 1025, 412 N.E.2d 1327 (1980). That case upheld a New York statute that gave teachers retroactive retirement credit for military service provided they were New York residents at the time they began and ended such service. An intermediate state appellate court found that

> the classification is substantially related to the object of the statute, which was the desire of the State of New York to express its gratitude to its sons who entered their country's service in time of war by conferring certain benefits to them to compensate them for the disruption of their way of life and, in many cases, of their employment by service in the armed forces.

429 N.Y.S.2d at 747. *See also Regan v. Taxation with Representation of Washington,* 461 U.S. 540, 551, 103 S.Ct. 1997, 76 L.Ed.2d 129 (1983) ("Our country has a longstanding policy of compensating veterans for their past contributions by providing them with numerous advantages. This policy has 'always been deemed to be legitimate.' "); *Personnel Administrator of Massachusetts v. Feeney,* 442 U.S. 256, 265, 99 S.Ct. 2282, 2288, 60 L.Ed.2d 870 (1979).

Although rewarding veterans for their past military service is a legitimate state purpose, the trend of recent decisions is to restrict both the types of past contributions that may be legitimately rewarded and the bases for distinguishing between favored and disfavored classes.

In *Zobel v. Williams,* 457 U.S. 55, 102 S.Ct. 2309, 72 L.Ed.2d 672 (1982), for example, the Supreme Court held that giving long-term residents larger cash dividends than newer residents as a reward for "con-tributions of various kinds, both tangible and intangible, which residents have made during their years of residency," was not a legitimate state purpose. 457 U.S. at 61, 63, 102 S.Ct. at 2313, 2314. Similarly, the Court has held that a state may not apportion welfare benefits according to the past tax contributions of applicants. *Shapiro v. Thompson,* 394 U.S. 618, 632–33, 89 S.Ct. 1322, 1330, 22 L.Ed.2d 600 (1969). In fact,· the parties have not cited a single case upholding rewards for ·past contributions other than military service.

Moreover, even if Guam has a legitimate interest in rewarding the past conduct addressed by the statute, two cases decided after the district court's ruling cast considerable doubt on the constitutionality of rewarding only those persons who were residents before engaging in the favored activity. In *Soto-Lopez v. New York City Civil Service Commission,* 755 F.2d 266 (2d Cir.), *review granted,* —— U.S. ——, 105 S.Ct. 3523, 87 L.Ed.2d 648 (1985), the Second Circuit considered a law which gave veterans who were New York residents at the time of their induction into the military extra preference points on their civil service examinations. The court held that rewarding or otherwise favoring *only* prior state residents for performing military service is not a legitimate state purpose, and that distinguishing between veterans who were residents at the time of their induction and those who were not is not rationally related even to admittedly legitimate state purposes. 755 F.2d at 268, 272, 274, 276–78.

Similarly, in *Hooper v. Bernalillo County Assessor,* —— U.S. ——, 105 S.Ct. 2862, 86 L.Ed.2d 487 (1985), the Supreme Court struck down a statute that granted a partial property tax exemption to Vietnam veterans who were state residents before May 8, 1976. The Court noted that the statute "creates 'fixed, permanent distinctions between ... classes of concededly bona fide residents' based on when they arrived in the State," —— U.S. at ——, 105 S.Ct. at

2866, and held that the classification did not bear a rational relationship to a legitimate state purpose. The Court reasoned that rewarding *only* prior or established residents for past military service is not a legitimate state purpose, and that such a distinction does not bear a rational relationship to the legitimate purpose of compensating all resident veterans for the sacrifices inherent in wartime military service. — U.S. at ——, 105 S.Ct. at 2867-68. Moreover, although the Court expressly declined to consider the constitutionality of veterans' benefit statutes that condition eligibility on state residence at the time of induction into the military, it strongly implied that such statutes may also be unconstitutional in light of *Zobel. See Hooper*, — U.S. at —— n. 11, 105 S.Ct. at 2868 n. 11.

■ The statute in the case at bar also creates "fixed, permanent distinctions between ... classes of concededly bona fide residents." *Zobel*, 457 U.S. at 59, 102 S.Ct. at 2312. Even if Guam may legitimately decide to reward its residents who obtained a higher education and entered the Guamanian civil service, rewarding only "established" residents for such past conduct is *not* a legitimate purpose.[1] *See Hooper*, — U.S. at ——, 105 S.Ct. at 2628. Furthermore, the statute's distinction between different classes of resident civil servants with college degrees is not rationally related to the asserted goal of rewarding, encouraging and compensating persons for the alleged sacrifices. We therefore hold that 4 Guam Code Ann. § 8113(b) violates the Equal Protection Clause.

The summary judgment is REVERSED and the case remanded for proceedings consistent with this opinion.

---

1. Appellees assert that two other interests are served by the statute. The first, attracting to the Guamanian civil service persons who are well-educated, are familiar with local problems, or are committed to the future of Guam, fails because the statute does not rationally distinguish between more and less educated residents, between long-term and newer residents, or between committed and uncommitted residents. The second, the state's interest in limiting retroactive retirement benefits to those who have contributed more to the publicly-funded portion of the retirement plan through their taxes, was expressly held to be an illegitimate state purpose in *Shapiro* and *Zobel*.