CHRISTIAN SCIENCE READING ROOM JOINTLY MAINTAINED, a California non-profit religious corporation, and David M. Sacks, Plaintiffs-Appellees,

v.

CITY AND COUNTY OF SAN FRANCIS-CO, a municipal corporation; Airports Commission of the City and County of San Francisco; Morris Bernstein, J. Edward Fleishell, Ruth E. Kadish, Z.L. Goosby, and William K. Coblentz as members of the Airports Commission of the City and County of San Francisco; and Louis A. Turpen, as Director of Airports of the City and County of San Francisco, Defendants-Appellants.

Nos. 84–2076, 84–2415.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 11, 1985.

Decided June 16, 1986.

Richard E. Levine, Fenwick, Stone, Davis & West, Palo Alto, Cal., for plaintiffs-appellees.

Diane L. Herman, Dist. Co. Atty., San Francisco, Cal., for defendants-appellants.

Before SKOPIL, REINHARDT, and HALL, Circuit Judges.

ORDER

The opinion in this case, filed March 14, 1986, 784 F.2d 1010, is amended as follows:

*784 F.2d at 1013 (left-hand column); slip op. at 9:* delete "We are not bound ... (1975)." and replace with:

In considering the Airport's policy "we may consider purposes advanced by counsel for the [government] or suggested initially by ourselves," as long as "we are careful not to attribute to the [government] purposes which it cannot reasonably be understood to have entertained." *Delaware River Basin Commission v. Bucks County Water & Sewer Authority,* 641 F.2d 1087, 1097 (3d Cir.1981).[2]

_____

[2] The Supreme Court cases on a court's ability to hypothesize purposes underlying a governmental policy are not altogether clear. In *Weinberger v. Wisenfeld,* 420 U.S. 636, 648 n. 16, 95 S.Ct. 1225, 1233 n. 16, 43 L.Ed.2d 514 (1975), the Court stated that a court should not consider a hypothesized purpose if it is clear that "the asserted purpose could not have been a goal of the [policy]." Five years later, in *United States Railroad Retirement Board v. Fritz,* 449 U.S. 166, 179, 101 S.Ct. 453, 461, 66 L.Ed.2d 368 (1980), the Court stated that it is "constitutionally irrelevant whether [a hypothesized purpose] in fact underlay the [governmental] decision because this Court has never insisted that a legislative body articulate its reasons for enacting a statute." In *Fritz,* however, there was no claim or evidence that the hypothesized purpose was not the actual purpose. Furthermore, six weeks after deciding *Fritz,* the Court reaffirmed *Wisenfeld* in *Minnesota v. Clover Leaf Creamery,* 449 U.S. 456, 463 n. 7, 101 S.Ct. 715, 723 n. 7, 66 L.Ed.2d 659 (1981), when it quoted the *Wisenfeld* language verbatim.

The Third Circuit appears to be the only court that has attempted to harmonize the decisions. While we have used language like that used in *Fritz* in several cases, *see, e.g., Bunyon v. Camacho,* 770 F.2d 773 (9th Cir.1985); *Hoffman v. United States,* 767 F.2d 1431 (9th Cir. 1985); *In re Lara,* 731 F.2d 1455 (9th Cir.1984); *Brandwein v. California Board,* 708 F.2d 1466 (9th Cir.1983); *Lamb v. Scripps College,* 627 F.2d 1015 (9th Cir.1980), we have never had to confront the problem posed in *Wisenfeld* and in the case before us. None of our prior decisions involved a case in which the record showed that the hypothesized purpose could not have been the actual purpose.

*784 F.2d at 1013 (right-hand column); slip op. at 9:* add "or the desires of the traveling public" after "We do not suggest that revenue considerations"

*784 F.2d at 1013 (right-hand column); slip op. at 9:* delete "it is evident ... new policy." and replace with:

the Airport cannot reasonably be understood to have entertained the maximization of revenue or the desires of the public as purposes underlying its adoption of the new policy.