### In re MORTGAGE & REALTY TRUST, Debtor.

**Bankruptcy No. 90–08976–SB.**

United States Bankruptcy Court, C.D. California.

March 29, 1991.

---

Leonard Barrack, Barrack, Rodos & Bacine, Philadelphia, Pa.

Patrick Grannan, Greenfield & Chimicles, Los Angeles, Ca., for class action claimants.

Bernard Shapiro, P.C., Daniel H. Slate, Gendel, Raskoff, Shapiro & Quittner, Los Angeles, Ca., for unsecured creditors committee.

Robert Greenfield, Stutman, Treister & Glatt, Los Angeles, Ca., for equity committee.

Thomas H. Coleman, Morgan, Lewis & Bockius, Los Angeles, Ca., for debtor.

Harvey R. Miller, Weil, Gotshal & Manges, New York City, for Prudential Capital Corp.

## OPINION ON CERTIFICATION OF CLASS AND VOTING ON BEHALF OF MEMBERS OF CLASS

SAMUEL L. BUFFORD, Bankruptcy Judge.

### I. INTRODUCTION

The motions before the Court raise two issues related to the application of Bankruptcy Rule 7023 to a class proof of claim. The first issue is whether the class should be certified on the class proof of claim filed in this case on behalf of certain securities purchasers. The second issue is whether class action representatives may vote for acceptance or rejection of the Chapter 11 plan on behalf of the members of a certified class.

The Court holds that it has discretion to apply Bankruptcy Rule 7023 and to certify a class following an objection to a class proof of claim. The Court further holds that this is an appropriate case for the certification of a class, and orders the certification of the class as requested in the class claim.

Certain members of the certified class have voted individually on the plan before the Court. The Court holds that counsel for the certified class may cast votes for all members of the class who have not voted on the plan, either to accept or reject the plan before the Court.

### II. RELEVANT FACTS

Debtor Mortgage & Realty Trust ("MRT") is a real estate investment trust that filed this Chapter 11 bankruptcy case on April 10, 1990. According to its schedules, MRT has assets of approximately $600 million and unsecured debt of approximately $400 million. The United States

Trustee has appointed both a committee of unsecured creditors and an equity committee, each of which is active and represented by counsel.

Class claimants have filed a class proof of claim on behalf of themselves and all other purchasers of MRT common stock during the period August 11, 1989 through March 15, 1990. Class claimants allege violations of the Securities Exchange Act of 1934 §§ 10(b)[1] and 20(b)[2] and Rule 10b–5 thereunder.[3] MRT has objected to this class proof of claim.

These same class claimants are also prosecuting a class action against the officers and trustees of MRT in *In re Mortgage & Realty Trust Litigation,* currently pending in the United States District Court for the Eastern District of Pennsylvania. After the Court announced orally its certification of the class in this contested proceeding, the parties stipulated to the certification of the class in the district court action. The pendency of this bankruptcy case, and the application of the automatic stay provisions of 11 U.S.C. § 362[4], precluded class claimants from naming MRT as a defendant in the district court case.[5]

The amount owed to the class claimants is a relatively small portion of the debt in this case. Counsel for class claimants estimates that the maximum claim on behalf of the class is approximately $24 million. Most of the debt in this case is held by a few large institutions who purchased MRT's commercial paper.

The Court approved the disclosure statement on the joint plan of reorganization on November 19, 1990 and it was distributed to creditors and equity security holders in early December, 1990. The plan divides creditors into seven classes. Class 5 consists of the holders of securities claims against the debtor, and the class claimants represent a (presumably large) portion of class 5 members.

The debtor sent the disclosure statement, the plan, the ballot, the class 5 proof of claim form,[6] and other materials (collectively, the "package") to its present shareholders of record, to its shareholders of record on August 11, 1989, and to the banks, brokerage firms and financial institutions who were record owners of MRT stock as nominees on behalf of customers. The debtor requested that the nominee record owners forward the package to the beneficial owners or former owners of MRT stock. In addition, the debtor published notice of the confirmation hearing, the approval of the disclosure statement and the claims bar date in the national edition of the Wall Street Journal.

Subsequent to the distribution of the package, class counsel sent a letter to known class members which informed them of the pending class claim and class certification proceeding. The letter recommended, first, that the class members file their proofs of claim and second, that they vote against the plan.[7]

The Court confirmed the Chapter 11 plan on February 21, 1991, over the objection of class claimants. Although class 5 voted against the plan, the Court found that the plan met the "cram-down" requirements of Bankruptcy Code § 1129(b).[8]

## III. CLASS PROOFS OF CLAIM

### A. Procedure

■ The procedural requirements for filing and prosecuting a class claim in a bank-

---

1. 15 U.S.C.A. § 78j(b) (West 1981).

2. 15 U.S.C.A. § 78t(b) (West 1981 & Supp.1990).

3. 17 C.F.R. § 240.10b–5 (1990).

4. 11 U.S.C.A. § 362 (West 1979 & Supp.1990).

5. In a case under Chapter 11 of the Bankruptcy Code the automatic stay normally terminates upon the confirmation of a plan of reorganization. *See* Bankruptcy Code § 362(c), 11 U.S.C.A. § 362(c) (West 1979).

6. The Court extended to February 7, 1999 the bar date for holders of class 5 claims to file their proofs of claim. The general bar date for filing proofs of claim was October 1, 1990.

7. Certain members of the certified class, including one of the named representatives, voted in favor of the plan, and have moved to change their votes. This motion is pending.

8. 11 U.S.C.A. § 1129(b) (West 1979 & Supp. 1990).

ruptcy case are not settled. In the present case the class action plaintiffs from the district court action filed a class claim. Early in the case MRT argued that a motion to certify the class was premature until an objection was filed.[9] The Court imposed a deadline on the debtor to object to the claim, after which class action counsel promptly brought the certification motion now before the Court.

The Court considers this a proper (if not the only proper) procedure for bringing a class claim before the Court for certification of the class. *See Certified Class v. Charter Co. (In re Charter Co.)*, 876 F.2d 866, 874 (11th Cir.1989).

### B. Class Certification

#### 1. Propriety of Class Claim

■ The Ninth Circuit has not ruled on the propriety of a class claim in a bankruptcy case. However, most circuit courts that have decided the issue have held that the bankruptcy rules permit the filing of a class claim. *Compare In re American Reserve Corp.*, 840 F.2d 487 (7th Cir.1988); *Reid v. White Motor Corp.*, 886 F.2d 1462 (6th Cir.1989) (recognizing propriety of a class claim, but upholding denial of class certification); *Charter Co.*, supra (supporting class proof of claim); *with In re Standard Metals Corp.*, 817 F.2d 625 (10th Cir. 1987) (invalidating class proof of claim), *vacated in part on rehearing and decided on other grounds sub. nom. Sheftelman v. Standard Metals Corp.*, 839 F.2d 1383 (10th Cir.1987). However, since the Seventh Circuit opinion in *American Reserve* in February 1988, the clear trend in both circuit courts and the lower courts has been to permit class claims. *See Reid*, 886 F.2d 1462; *Charter*, 876 F.2d 866; *In re Chateaugay Corp.*, 104 B.R. 626 (S.D.N.Y. 1989); *In re Zenith Laboratories, Inc.*, 104 B.R. 659 (D.N.J.1989); *see generally* Sabino, *In a Class By Itself: The Class Proof of Claim in Bankruptcy Proceedings*, 40 DePaul L.Rev. 115 (1990) (class proof of claim is natural and necessary companion to the class action).[10]

This Court adopts the reasoning of the Seventh Circuit, and the courts that follow it, that the bankruptcy rules permit the filing of a class claim. Debts that are permitted outside of bankruptcy should be allowable inside as well: other creditors and the equity owners should have no right to the higher share of debtor's assets that they can achieve by excluding a class of creditors at the threshold. *American Reserve*, at 489. Furthermore, to disallow a class proof of claim would largely prohibit the use of class actions altogether in bankruptcy cases, which was likely not intended when Rule 7023 was promulgated. *In re Livaditis*, 122 B.R. 330, 338 (Bankr.N.D.Ill. 1990). Indeed, class actions have been almost unused in bankruptcy cases until the recent circuit court decisions authorizing class claims.

■ No leave of court is required to authorize the filing of such a claim. Once the class is certified under Bankruptcy Rule 7023, class representatives are designated as agents of the creditor class. *American Reserve*, 840 F.2d at 493. Thus, if the court certifies the class, the claim is effective for the entire class. *Id.* at 493. The crucial issue with respect to a class claim, as for a class action outside of bankruptcy, is certification of the class.

■ The issue, therefore, is whether the Court should certify the class that class claimants seek to represent in this case pursuant to Bankruptcy Rule 7023. Bankruptcy Rule 9014 gives the bankruptcy court discretion to apply one or more of the rules in Part VII, including Bankruptcy Rule 7023, at any stage in a contested matter. The Advisory Committee Note to Rule 9014 states that the filing of an objection to a proof of claim creates a dispute which is a contested matter. Thus, Rule 9014 allows a court to "invoke Rule 7023

---

**9.** Bankruptcy Code § 502(a), 11 U.S.C.A. § 502(a) (West Supp.1990), provides:
A claim ..., proof of which is filed ..., is deemed allowed, unless a party in interest ... objects.

**10.** *See also Dickinson v. Duck (In re Duck)*, 122 B.R. 403, 406 (Bankr.N.D.Cal.1990) (class dischargeability action permitted in appropriate case).

and thereby Fed.R.Civ.P. 23, the class action rule, to 'any stage' in contested matters, including, class proofs of claim." *Reid,* 886 F.2d at 1469–70; *accord, American Reserve,* 840 F.2d at 488.

■ To qualify for class certification the class representatives must satisfy the requirements of Rule 23(a) familiar to class action litigators:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a); *see generally In re Livaditis,* 122 B.R. 330, 335–37 (Bankr.N.D. Ill.1990); 1 *Newberg on Class Actions* § 3.01 (2d ed.1985). In the typical class action the class representatives must also show that the common issues of fact and law will predominate over individual issues, and that a class action is a superior method to litigate the claims of the class members. Fed.R.Civ.P. 23(b)(3); *Newberg,* supra, at § 4.21. These issues are the main battle ground in class action litigation, and typically are far more important to the success of the litigation than the merits of the underlying claim.

Contrary to the typical class action litigation, the debtor and the committees in the present case have not opposed the class certification motion on any of these grounds. The committees base their opposition solely on the grounds that class certification is not suitable in a bankruptcy case, in general, or in this particular bankruptcy case. The Court finds that the class representatives have presented sufficient evidence to satisfy the requirements of Fed.R.Civ.P. 23.

### 2. Balancing of factors

■ In determining the propriety of certification of a class claim in a bankrupt-cy case, the Court must assess whether the benefits that generally support class certification in civil litigation are realizable in the bankruptcy case. These benefits typically include efficiency of a class proof of claim, compensation to the injured parties, and deterrence of future wrongdoing by the debtor. *American Reserve,* 840 F.2d at 489; *In re Livaditis,* 122 B.R. at 339. If a class action would greatly complicate the bankruptcy case without yielding significant compensation to injured parties, the marginal deterrence to wrongdoers would not be worth the effort. *American Reserve* at 491. This requires a balancing of the factors favoring certification of a class claim against those that oppose such certification.

There are substantial efficiencies to be gained from class certification in this case. The Court is informed that several hundred class 5 claimants have filed proofs of claim. Apparently almost all of these fall within the certified class. Thus the class certification makes it unnecessary to deal individually with all of these claims. Furthermore, the decision of MRT and the committees not to challenge the qualifications of the named representatives under Rule 23 avoids the complexities of class certification that are typical in class actions.

While it may frequently be necessary to hold up distribution under a plan of reorganization until the merits of a class claim are determined or estimated,[11] no such delay is necessary in this case. All other creditors are members of higher-ranking classes, and may be paid whatever the result of the class claim. In addition, because of the minor exposure of the debtor to the class claim in this case, in relation to the assets of the debtor, the debtor can simply reserve an appropriate fund to cover the entire exposure on the class claim without impacting the remainder of the plan.[12]

---

**11.** Bankruptcy Code § 502(c), 11 U.S.C.A. § 502(c) (West Supp.1990) authorizes a bankruptcy court to estimate a contingent or unliquidated claim, where its fixing or liquidation would unduly delay the administration of the case. *Charter Co.,* 876 F.2d at 872.

**12.** The class claim will not impede implementation of the plan in this case for another reason.

Compensation of the injured parties also supports certification of the class claim in this case. This is a surplus case: certification of the plaintiff class may yield significant compensation to class plaintiffs who would otherwise receive no compensation.[13] Indeed, this may be the only opportunity for class members to recover from MRT on their securities claims. Because MRT is not a defendant in the securities litigation in the Eastern District of Pennsylvania, class certification in this bankruptcy case may be the class members' only recourse against MRT.

At the same time, compensation to the class will not detrimentally impact other creditor classes, because the debtor has sufficient assets to pay all creditors in full over the life of the plan of reorganization. Claims by class members, comprising most of Class 5, and equity interests (Class 7) are subordinate to creditor claims: thus recovery by the class will only be at the expense of the residual shareholders, Class 7.

Deterrence of corporate wrongdoing may also be served by certification of the class in this case. The debtor is continuing in business under the same management as it had during the period covered by the class claim. An award of damages to the class would deter this management from future wrongdoing of the sort alleged in the claim.

■ Finally, while appropriate notice to absent class members might obviate the need for class certification, *American Reserve*, 840 F.2d at 494, the notice to potential class claimants in this case was not comprehensive enough to preserve the benefits of the class action device.[14] The debtor is responsible for assuring that all credi-

tors receive appropriate notice. MRT mailed the package to record owners of its stock during the class period, and relied on the nominees to distribute the package to the beneficial owners. Because the package was mailed during December, 1990 and proofs of claim were due on February 7, 1991, it is likely that many nominees did not take the time during the holiday season and end-of-year business activities to distribute the documents to the beneficial owners.

Furthermore, the debtor did not offer to reimburse the nominees for administrative costs associated with mailing the package to the record owners. The Ninth Circuit has determined that notice sent to nominees, accompanied by a request to forward, but refusing to compensate the record owner, is "not reasonably certain to inform those affected." *Harris v. Peddle (In re Victor Technologies Securities Litigation)*, 792 F.2d 862, 866 (9th Cir.1986) (*quoting Mullane v. Central Hanover Bank*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1934)).

■ MRT contends that publication in the national edition of the Wall Street Journal, in addition to the measures described supra, was sufficient to provide class members notice of the opportunity to file an individual proof of claim. Notice by publication is appropriate where it is not reasonably possible or practical to give more adequate notice. *In re Jewelart, Inc.*, 71 B.R. 968, 971–73 (Bankr.C.D.Cal. 1987); *accord, Mullane*, 339 U.S. at 317, 70 S.Ct. at 658–59 (dictum). However, the claimants in this case are not missing or unknown, nor are their interests conjectural or future. "Due process of law mandates notice be given to a creditor whose

The plan provided for $250,000 in cash for class 5, if it accepted the plan. Alternatively, it provided for the class to receive shares in the debtor as payment on the claim, if the class recovers on the merits. Because the class voted against the plan, forcing the debtor to invoke the "cramdown" provisions of Bankruptcy Code § 1129(b), the alternative provision of shares in payment for the claim was approved by the Court as part of the confirmed plan.

13. The Court has formed no opinion as to whether MRT engaged in any of the misconduct

alledged in the class proof of claim. A determination of this issue awaits resolution of the merits of the claim, which the Court will address in due course.

14. Wolfson, *Class Actions in Bankruptcy: A Clash of Policies Reconciled*, 5 Bankr.Dev.J. 391 (1988) (reconciles the conflict in circuit courts regarding validity of the class proofs of claim by whether adequate individual notice to absent claimants has been given: if it has, class certification should be rejected; if not, class should be certified).

property rights are being affected so that he may have his day in court." *Lubeck v. Littlefield's Restaurant Corp. (In re Fauchier)*, 71 B.R. 212, 215 (9th Cir. BAP 1987).

■ Further, it is in the best interests of the debtor to assure that all creditors, especially Class 5 claimants, received adequate notice. The discharge of a claim without reasonable notice of a confirmation hearing violates due process. *Reliable Electric Co. v. Olson Construction Co.*, 726 F.2d 620, 623 (10th Cir.1984). Thus to assure that the class members receive the benefits of class certification, as well as to discharge all claims by the confirmation of the plan, the certification of the class is appropriate in this case.

The Court finds that the benefits to the class members outweigh the potential efficiency losses resulting from the class certification. Determination of the class certification issue should precede the confirmation of the plan of reorganization. Rule 23(c)(1) provides: "As soon as practicable after the commencement of action brought as a class action, the court shall determine by order whether it is to be so maintained." However "absent an adversary proceeding, the first opportunity a claimant has to move under Bankr.R. 9014 to request application of Bankr.R. 7023 occurs when an objection is made to a proof of claim." *Charter*, 876 F.2d at 874.

In the present case the debtor did not object to the class proof of claim until after the disclosure statement and plan were finalized. Although the class certification motion came on for hearing after the plan of reorganization was distributed to creditors, the certification of the class for the class proof of claim has not delayed the confirmation hearing or the confirmation of the plan of reorganization. Bankruptcy courts are accustomed to dealing with multiple claims and multiple litigation: certification of the class as requested in the class proof of claim should not unduly complicate this case.

■ Although the class claimants and class counsel are the same as those litigating in the district court, this Court finds it neither necessary nor appropriate to delay certification pending a determination by the district court. The circuit courts that have permitted class proofs of claim did not base their decisions on actions by other federal or state courts concerning class certification.[15] A decision by the district court whether or not to certify the class would not preclude this Court from making that determination, since MRT is not a defendant in that litigation. *Reid*, 886 F.2d at 1471–72.[16] Finally, the district court may have been delaying its decision in order to assess what the plaintiff class will recover on its bankruptcy claim in this case.[17]

## IV. VOTING BY CLASS REPRESENTATIVES

■ All of the reported decisions on class claims to date have only considered the issue of certification of the class. The reported decisions do not consider the consequences of the certification of a class claim for other aspects of a Chapter 11 case. Whether class representatives, acting through class counsel, may vote on behalf of all class claimants for the acceptance or rejection of the reorganization plan is thus a question of first impression.

Counsel for the creditors committee argues that there is no necessity in this case to allow class representatives to vote on behalf of class members, and that the

---

**15.** The *American Reserve* court noted the pending class action in state court, but did not mention this as a factor in determining a bankruptcy judge's discretion to certify a class. 840 F.2d at 488. The court in *Charter* noted that the class had been certified in securities litigation in district court, but still left the decision to certify to the discretion of the bankruptcy court. 876 F.2d at 875. The *Reid* court upheld the bankruptcy court's refusal to certify a class that had previously been certified in state court. 886 F.2d at 1471–72.

**16.** Cf. *In re Livaditis*, 122 B.R. 330, 334–35 (prior class certification in district court action where debtor was a party is collateral estoppel for class claim purposes).

**17.** This Court's decision may reduce pro tanto the damages sought in the district court action.

Court should not permit such voting if it is not compelled. However, this is not the applicable standard. The issue before the Court is the extent to which the class character of the claim should be recognized in the context of a Chapter 11 plan confirmation proceeding. Should the members of the certified class be limited to pursuing their claims, or should they be permitted to exercise the other rights of creditors in a Chapter 11 case?

 The Court holds that, once a class is certified pursuant to a class claim, the class members, acting through their representatives and their counsel of record, are entitled to exercise all of the rights of creditors in a bankruptcy case. The consequence of the certification of a class is that the members of the class are creditors in the case for all purposes. Once the Court certifies the class, the class participates in the case in the same fashion as a class proceeds in a class action outside of bankruptcy: it acts through its certified representatives and their appointed counsel.

Full participation in a Chapter 11 plan confirmation includes voting for or against a plan of reorganization. Thus the members of the certified class are permitted to vote for or against the plan of reorganization. This voting normally is exercised through the class representatives and their counsel.

Voting by class representatives on behalf of class members is particularly appropriate in this case. The limitations in the notice process, together with the complexity of the issues in securities litigation, make it unlikely that absent class members knew that they had potential claims, or how the plan treats such claims.

 The principle that class members act through their representatives and counsel of record is not absolute. There may be bankruptcy procedures that displace the ac-

tion of class representatives. In the Chapter 11 plan confirmation process creditors have an opportunity to vote personally for or against the plan of reorganization. Several hundred members of the certified class have voted individually for or against the reorganization plan in this case.[18] This process has no counterpart in the class action context outside of bankruptcy.

Class claimants have asked to vote on behalf of these creditors, as well as the members of the certified class who have failed to vote. The Court holds that the right of class representatives and their counsel to act on behalf of the class must be qualified in the plan confirmation context in order to give effect to individual voting by creditors.

Accordingly, the Court holds that the votes of the members of the certified class, who have individually voted for or against the plan, must be counted as they have been cast by the individuals. The Court does not find a good reason to disenfranchise those creditors who have actually voted themselves, in favor of their certified representatives. Chapter 11 permits a more active involvement of the class members, because of their status as creditors of the estate. The Court believes that they should be given this enhanced opportunity to participate in the approval or disapproval of the plan, pursuant to the Chapter 11 process. Thus the individual votes must be counted, and class representatives are permitted to vote only for those class members who have not voted individually for or against the plan.

## V. CONCLUSION

To summarize, the Court holds that certification of the class as specified in the class proof of claim is appropriate in this case. The Court further holds that the class rep-

---

**18.** The exact tally of votes for and against the plan turns on the disposition of a pending motion to change votes, apparently because a number of class members who had voted for the plan decided to vote against the plan after receiving the letter sent by counsel for class claimants. The Court is informed that the question of whether class 5 voted for the plan in the requisite number and amount to permit a consensual plan turns on the determination of the pending motion. If the Court grants the motion to change votes, it may turn out that class 5 has voted against the plan, and that confirmation of the plan must be based upon Bankruptcy Code § 1129(b), even absent class voting.

resentatives are entitled to vote for or against the Chapter 11 plan on behalf of the members of the certified class, except those who have voted individually as creditors.