In re BIRTING FISHERIES, INC., a Washington corporation, Debtor.

BIRTING FISHERIES, INC., Appellant,

v.

James LANE, et al., Appellees.

No. C94–1649Z.

United States District Court, W.D. Washington, at Seattle.

March 8, 1995.

Shulkin Hutton Inc., P.S., Ronald W. Goss, Seattle, WA, for appellant.

Helsell, Fetterman, Martin, Todd & Hokanson, Scott E. Collins, Seattle, WA, for appellees.

## ORDER

ZILLY, District Judge.

Debtor Birting Fisheries appeals the Bankruptcy Court's order allowing a class proof of claim. Appellee "Lane Class" moves to dismiss the appeal on the ground that the parties' "settlement agreement" renders moot the class proof of claim issue. The Court, having considered all papers filed in support of and in opposition to the motion to dismiss and the appeal of the Bankruptcy Court's order, hereby DENIES the motion to dismiss the appeal, docket no. 3, and AFFIRMS the Bankruptcy Court's order allowing the class proof of claim.

### Background

The Lane Class consists of approximately 200 crew members who worked aboard Debtor Birting Fisheries' seafood processing trawler, Ocean Rover, between January 1, 1991 and April 2, 1993. In June 1993, the Lane Class filed a seaman's wage class action against Birting Fisheries, seeking actual and punitive damages. In December 1993, Birting Fisheries filed a bankruptcy petition under Chapter 11, which resulted in an automatic stay of the District Court action. The Bankruptcy Court subsequently granted relief from the automatic stay so that the Lane Class could liquidate its claims against Birting Fisheries. The District Court action returned to active status, and in July 1994, the Honorable Carolyn R. Dimmick certified the class pursuant to Fed.R.Civ.P. 23(b)(3). Order (cause no. C93–0827D, docket no. 36).

On September 16, 1994, the Bankruptcy Court issued an oral ruling ratifying the class representative's authority to file a proof of claim on behalf of the Lane Class. Transcript of Proceedings, at 8 (docket no. 2). On September 19, 1994, the parties met and negotiated modifications to the Second Amended Plan of Reorganization. The relevant provision reads:

As to the Claims of the plaintiffs in the Lane Class Action Lawsuit, such Claims shall be Allowed to the extent they are Liquidated in the Lane Class Action Lawsuit either by compromise and settlement between the parties or by entry of a Final

Order, except that Claims for exemplary or punitive damages shall be Allowed by the Bankruptcy Court only in accordance with Article VII., ¶ 7.11, of this Plan.

Modifications to Second Amended Plan at 2, Exhibit G to Affidavit of Scott Collins (docket no. 5). The Bankruptcy Court confirmed the modifications.

The parties dispute the legal significance of the above-quoted modification. The Lane Class argues that the modification constitutes or evidences a settlement of the class proof of claim issue. In reliance on this interpretation, the Lane Class withdrew objections to confirmation of the Second Amended Plan, submitted new ballots voting as a class in favor of the modified plan, withdrew outstanding discovery requests, and struck a motion for continuance of the confirmation hearing. Debtor contends that the modification was a unilateral act of the plan proponent, and therefore, not equivalent to a settlement. In addition, Debtor argues that the modification did not include an express waiver of appeal rights, and that it did not otherwise relinquish the right to appeal the Bankruptcy Court's order allowing the class proof of claim.

### Analysis

#### A. Settlement

■ A party may not appeal an order to which it consented. *Christian Science Reading Room Jointly Maintained v. City & County of San Francisco*, 784 F.2d 1010, 1017, *amended on other grounds*, 792 F.2d 124 (9th Cir.1986), *cert. denied*, 479 U.S. 1066, 107 S.Ct. 953, 93 L.Ed.2d 1002 (1987). Likewise, a party may not appeal a settlement. *Hudson v. Chicago Teachers Union, Local No. 1*, 922 F.2d 1306, 1312 (7th Cir. 1991), *cert. denied*, 501 U.S. 1230, 111 S.Ct. 2852, 115 L.Ed.2d 1020 (1991); *cf. Hawaiian Paradise Park Corp. v. Friendly Broadcasting Co.*, 414 F.2d 750, 752 (9th Cir.1969). A settlement, however, differs from a stipulation following an involuntary and adverse judgment. *See Hudson*, 922 F.2d at 1312.

■ Here, the parties offer numerous arguments in support of and against considering the modification a settlement of the class proof of claim issue. The bottom line, however, is that the parties began negotiating modifications to the plan of reorganization after the Bankruptcy Court had issued an oral ruling on the class proof of claim issue. The Bankruptcy Court having ruled on the issue, the parties had nothing to settle. In addition, neither the modification nor the various letters exchanged by counsel expressly waive the right to appeal the Bankruptcy Court's ruling, and Debtor's attempt to expedite confirmation of the reorganization plan in light of the Bankruptcy Court's oral ruling does not appear inconsistent with an intent to appeal. *See Central Wash. Bank v. Mendelson–Zeller, Inc.*, 113 Wash.2d 346, 354, 779 P.2d 697 (1989) ("To constitute implied waiver, there must exist unequivocal acts or conduct evidencing an intent to waive; waiver will not be inferred from doubtful or ambiguous factors."); *compare Hawaiian Paradise Park Corp. v. Friendly Broadcasting Co.*, 414 F.2d 750 (9th Cir.1969) (in a breach of contract action, the defendant did not waive its right of appeal, despite performing the contract of sale pursuant to the trial court's ruling, because it sufficiently indicated its intent to reserve the right to appeal). Therefore, the Court DENIES the motion to dismiss the appeal.

#### B. Class Proof of Claim

■ The Ninth Circuit has not yet ruled on the propriety of a class proof of claim in a bankruptcy case. The Sixth, Seventh, and Eleventh Circuits, however, have all held that the bankruptcy code and rules authorize the filing of a class proof of claim. *Reid v. White Motor Corp.*, 886 F.2d 1462 (6th Cir. 1989), *cert. denied*, 494 U.S. 1080, 110 S.Ct. 1809, 108 L.Ed.2d 939 (1990); *In re Charter Co.*, 876 F.2d 866 (11th Cir.1989), *cert. dismissed*, 496 U.S. 944, 110 S.Ct. 3232, 110 L.Ed.2d 678 (1990); *In re American Reserve Corp.*, 840 F.2d 487 (7th Cir.1988). In addition, one bankruptcy court in the Ninth Circuit has published an opinion adopting the reasoning of the Seventh Circuit and subsequent cases following it. *In re Mortgage & Realty Trust*, 125 B.R. 575 (Bankr.C.D.Cal. 1991).

Debtor cites in opposition *In re Standard Metals Corp.*, 817 F.2d 625 (10th Cir.1987)

("*Standard Metals I*"), in which the Tenth Circuit refused to allow class proofs of claim. On rehearing, however, the Tenth Circuit vacated in part its earlier opinion and decided the case on other grounds, specifically stating: "In view of the disposition of this appeal it is not necessary to consider the class action claims issue." *Sheftelman v. Standard Metals Corp.*, 839 F.2d 1383, 1387 (10th Cir.1987) ("*Standard Metals II*"). In a recent opinion, a Colorado District Court discussed the uncertain precedential value of the *Standard Metals I* opinion, concluding that the Tenth Circuit's analysis of the class proof of claim issue was not necessary to the decision and therefore constituted dictum. *Jones v. Amdura Corp. (In re Amdura Corp.)*, 170 B.R. 445, 448 (D.Colo.1994). The Colorado District Court then adopted the reasoning of the Sixth, Seventh, and Eleventh Circuits, and held that "there may be class proofs of claims in bankruptcy." *Id.* at 450.

Debtor invites the Court to re-examine the analysis used by the Sixth, Seventh, and Eleventh Circuits, primarily arguing that the bankruptcy code, and specifically 11 U.S.C. § 501, prohibits class proofs of claim. 11 U.S.C. § 501 provides:

> (a) A creditor or an indenture trustee may file a proof of claim. An equity security holder may file a proof of interest.
>
> (b) If a creditor does not timely file a proof of such creditor's claim, an entity that is liable to such creditor with the debtor, or that has secured such creditor, may file a proof of such claim.
>
> (c) If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim.
>
> (d) A claim of a kind specified in section 502(e)(2), 502(f), 502(g), 502(h) or 502(i) of this title may be filed under subsection (a), (b), or (c) of this section the same as if such claim were a claim against the debtor and had arisen before the date of the filing of the petition.

Debtor argues that § 501 recites an exclusive list and, in enacting § 501, Congress intended to preclude class proofs of claims. Debtor's contention lacks merit.

The congressional goal behind the bankruptcy code is to permit the broadest possible relief in the bankruptcy court. *In re Charter*, 876 F.2d at 870. A restrictive reading of § 501 would frustrate this goal. *Id.; see In re American Reserve*, 840 F.2d at 492 ("Neither the legislative history nor the structure of the 1978 Code suggests that the list in § 501 is exclusive."). Further, a restrictive reading of § 501 does not comport with provisions of the bankruptcy rules. Bankr.R. 3001(b) authorizes a creditor's agent to execute a proof of claim. Agents, however, also do not appear on the list enumerated in § 501. Bankr.R. 9014 permits the bankruptcy court to direct that any of the rules in Part VII of the bankruptcy rules shall apply to a contested matter. In Part VII, Bankr.R. 7023 provides that Fed. R.Civ.P. 23 shall apply in adversary proceedings. With regard to the incorporation of Rule 23, the Eleventh Circuit observed:

> Given that Congress indisputably intended to make procedures related to *prosecuting* a class action available to bankruptcy claimants, there is a strong indication that procedures related to *initiating* a class action should be available.

*In re Charter*, 876 F.2d at 870 (emphasis in original); *see In re American Reserve*, 840 F.2d at 493 ("If § 501 prevents the class representative from prosecuting the claim on behalf of anyone who failed to file a proof-of-claim form ..., then there will never be a *Rule 23* class action; there will only be a 'spurious class action'; yet Bankruptcy Rule 7023 says that there are to be Rule 23 class actions in bankruptcy.") (emphasis in original); *Reid*, 886 F.2d at 1470 ("Rule 9014 delegates wide discretion to the bankruptcy judge in considering certification of class proofs of claim pursuant to Rule 7023 in a contested matter.").

Besides examining § 501 within the context of the bankruptcy scheme, the Eleventh Circuit also discussed the function of the class action device. The Eleventh Circuit observed:

> "The class action permits the aggregation and litigation of many small claims that would otherwise lie dormant." *In the Matter of American Reserve Corp.*, 840 F.2d at 489. Because claims may be contingent or of uncertain value, potential

claimants may not realize that they can recover, unless the efforts of a representative make them aware. *Id.* Likewise, the effort and cost of investigating and initiating a claim may be greater than many claimants' individual stake in the outcome, discouraging the prosecution of these claims absent a class action filing procedure. *In re Charter,* 876 F.2d at 871. With the function of the class action device in mind, a California Bankruptcy Court observed:

Debts that are permitted outside of bankruptcy should be allowable inside as well: other creditors and the equity owners should have no right to the higher share of debtor's assets that they can achieve by excluding a class of creditors at the threshold. Furthermore, to disallow a class proof of claim would largely prohibit the use of class actions altogether in bankruptcy cases, which was likely not intended when Rule 7023 was promulgated.

*In re Mortgage & Realty Trust,* 125 B.R. at 579 (citation omitted). Here, Debtor offers no competing policy concerns or perceived disadvantages to permitting class proofs of claims that would warrant a holding contradicting the weight of authority. Therefore, the Court AFFIRMS the bankruptcy court's order ratifying the class proof of claim.

IT IS SO ORDERED.