Dann S. SHEFTELMAN, individually, and on behalf of all others similarly situated, Creditor–Appellant,

v.

STANDARD METALS CORPORATION, Debtor–Appellee.

No. 85–2783.

United States Court of Appeals, Tenth Circuit.

Dec. 29, 1987.

Nicholas E. Chimicles of Greenfield & Chimicles, Haverford, Pa. (R. Bruce McNew of Greenfield & Chimicles, Haverford, Pa., Robert H. Levin of Adelman, Lavine, Krasny, Gold & Levin, Philadelphia, Pa., Michael E. Romero and Robert L. Connelly of Isaacson, Rosenbaum, Woods, Snow & Levy, Denver, Colo., with him on the briefs), for creditor-appellant.

Glen E. Keller, Jr. of Davis, Graham & Stubbs, Denver, Colo. (Christopher L. Richardson and C. Randel Lewis of Davis, Graham & Stubbs, Denver, Colo., with him on the brief), for debtor-appellee.

Brent T. Johnson of Fairfield and Woods, Denver, Colo. (Stephen W. Seifert of Fairfield and Woods, Denver, Colo., with him on the brief), for appellee Creditors' Committee.

Richard A. Kirby, Asst. General Counsel, S.E.C., Washington, D.C. (Daniel L. Goelzer, General Counsel, Jacob H. Stillman, Associate General Counsel, Paul Gonson, Solicitor, Leslie E. Smith and Martha H. McNeely, Attys., S.E.C., Washington, D.C., with him on the briefs), for S.E.C.

Before TACHA, SETH and BARRETT, Circuit Judges.

## OPINION ON REHEARING

PER CURIAM.

This is an appeal from the denial of claims filed in the Chapter 11 proceedings of Standard Metals Corporation in Colorado, taken by Mr. Sheftelman as a creditor on his own behalf and for a class of creditors. The Securities and Exchange Commission (SEC) appeared in the trial courts and does so here pursuant to 11 U.S.C. § 1109(a).

Mr. Sheftelman filed a Proof of Claim on August 30, 1984 on his own behalf and on behalf of other bondholders (as a class) in the Standard Metals Chapter 11 proceedings as purchasers of Industrial Revenue Series 1983 bonds issued on behalf of a subsidiary of Standard (National Smelting of New Jersey). This was a bond issue which apparently raised about 6.6 million dollars. The claims asserted that Standard Metals and the subsidiary conspired to fraudulently divert a portion of the proceeds to Standard's own use rather than for the intended and announced purpose of the issue. The claims were filed before any plan of reorganization had been filed in the Chapter 11 proceedings. Mr. Sheftelman had not received, nor had other bondholders, actual or constructive notice of the bar date. The bondholders were not listed as creditors.

Mr. Sheftelman had filed a civil class action suit in the federal court in New Jersey on behalf of the same bondholders about three weeks before the claims were filed in the Chapter 11 proceedings. Standard Metals was not a party to the class action suit in New Jersey.

Schedules had been filed in the Colorado Chapter 11 proceedings but none of the bondholders here concerned were scheduled. A bar date was fixed as June 10, 1984. The claims in issue were filed August 30—several months after the bar date. A hearing was set for February 5, 1985 for a consideration of the claims. Mr. Sheftelman was to then appear, had been ordered to do so, but did not do so. He filed motions to require that notice be given to the bondholders of the 1983 series of a bar date; that the bar date be extended to permit filing of claims; and that the hearing be continued. These motions were filed about five months after he had filed the claims.

The February 5 hearing was held by the bankruptcy court. Mr. Sheftelman did not appear and his personal claim was stricken as a sanction. The bankruptcy court also held that to provide for notice and to extend the bar date would unduly complicate the proceedings. It also held that the Bankruptcy Act does not permit the *filing of claims* on behalf of a class; that the bondholders were not scheduled and were thus "unknown creditors"; and that notice need be given only to known creditors. The rulings on the motions by the bankruptcy court were made after a plan of reorganization had been filed, but this plan was never approved. and none was approved (confirmed) until some fourteen months after these rulings.

The matter was appealed to the district court which agreed with the bankruptcy court rulings except it declined to pass on the class action claims issue. This appeal was then taken.

A chronology of the basic events looks like this:

| | |
|---|---|
| March 1984 | Standard Metals commences the Chapter 11 proceedings in Colorado from which this appeal arises. |
| April 1984 | The debtor files schedules under Chapter 11. Listed creditors notified thereafter. |
| June 10, 1984 | The bar date for claims in the Chapter 11 proceedings. |
| August 16, 1984 (about) | Civil class action by bondholders filed in New Jersey asserting fraud (Standard not a party). |
| August 30, 1984 | Claims here in issue filed by Mr. Sheftelman in Chapter 11 court proceedings. |
| September 1984 | First plan of reorganization filed but never approved. |
| January 10, 1985 | Motions filed by Mr. Sheftelman in Chapter 11 for change of bar date and for notice. Debtor files objections shortly thereafter. |
| February 5, 1985 | Date set for hearing on motions of bondholders. |
| March 21, 1985 | Motions of bondholders denied by bankruptcy court. No plan of reorganization yet approved. |
| 1986 | Plan of reorganization approved. |

The bankruptcy court had before it the claims of the bondholders which asserted a fraud on the part of the debtor from August 30, 1984, but more importantly later during its consideration of the motions for extension of the bar date; that notice be given the bondholders, and the objections thereto. This continued until the motions were denied and the claims dismissed on March 21, 1985.

▮ As to the debtor, the assertion of the bondholders and their position as creditors probably was known to the debtor when the class action civil suit was filed in New Jersey (in July), but, in any event, the creditors were made known to the debtor by the filing of their claims (August 10) in the Chapter 11 proceedings and again by the *filing* of the motions for change of bar date and notice. The debtor reacted to the motions by filing objections which became the subject of the February 5 hearing. The debtor had a duty to correct its schedules to include these bondholders in some category after the claims were filed. Rule 2002(a).

It is significant in our consideration of this appeal that the nature and origin of the fraud claims together with the property interests concerned, the identity of the creditors as the holders of certain bonds with readily ascertainable addresses, the absence of any notice of a bar date, and the possible impact on any reorganization plan was thus put before the bankruptcy court as part of a then ongoing Chapter 11 proceeding. All of this thus took place before any plan of reorganization had been approved as did the bankruptcy court's active consideration of the claims, denial of the motions, and striking the claims. No plan of reorganization was approved until more than a year later.

▮ Mr. Sheftelman had standing to raise initially the notice issue as one of due process and as required under the Act in the bankruptcy and district courts for himself and for the other bondholders. In *In re Standard Metals Corp.*, 817 F.2d 625, 629 (10th Cir.), we said:

"The bankruptcy court held that a class proof of claim was prohibited by the Bankruptcy Reform Act of 1978, 11 U.S. C. §§ 101–151326 (hereinafter Act), and the 1983 Bankruptcy Rules, 11 U.S.C. Rules 1001–9032. The district court

found that it was not necessary to consider the propriety of the bankruptcy court's decision on the availability of class proofs of claims. We conclude that we must reach this issue, and we affirm the decision of the bankruptcy court." The bankruptcy court decided the class action element of the claims but the district court did not decide the question. Mr. Sheftelman also had standing to take this appeal from the district court as to all issues, including the sanctions.

Once this appeal was taken it must be recognized that the SEC had independent authority under Chapter 11 of the Bankruptcy Code to raise issues relating to the procedures and due process. We need to seek no further than this to decide that the notice issues are properly before us regardless of what may have happened to Mr. Sheftelman. The SEC under Section 1109(a) is not in the position of an *amicus curiae* once jurisdiction of this court was established by the appeal taken by a party with standing to do so. *See In re Johns-Manville Corp.*, 801 F.2d 60 (2d Cir.), and H.R.Rep. No. 595, 95th Cong., 1st Sess. 404 (1977). The SEC itself could and did raise the notice issues and others in this court.

Notice must be given to "all creditors" under Rule 2002(a) of the time set for filing proofs of claim. The term "all creditors" has no qualifications or limitations. *New York v. New York, New Haven & Hartford Railroad Co.*, 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333. This notice must also be given to satisfy due process requirements. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865. We are referring to actual notice to *known creditors*, and these are creditors whose actual identity is known and those within an identified group or category as were the bondholders of the particular bond issue here concerned and whose addresses are "reasonably ascertainable." Something by way of constructive notice must also be given to those bondholders in the same group whose identity and whereabouts cannot be ascertained. The record shows that the indenture trustee, the National Bank of Georgia, had a recent list of most if not all of the bondholders of these bearer bonds.

There would seem to be no question that in these circumstances the bondholders of this bond issue are "creditors" under 11 U.S.C. § 101(9) and that they seek to advance a "claim," 11 U.S.C. § 101(4). These are not "unknown" creditors just because the debtor did not schedule them as the bankruptcy court seemed to indicate. When the existence of these persons as creditors became known to the bankruptcy court it was incumbent that action be taken in accordance with Rule 2002, its equity powers and general powers (Section 105 of the Code), to see that proper notice was given to permit a resolution on the merits. Its equity powers were described in *Pepper v. Litton*, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281, and in *American United Mutual Life Ins. Co. v. Avon Park*, 311 U.S. 138, 61 S.Ct. 157, 85 L.Ed. 91. The debtor, of course, had a comparable duty.

We considered the notice requirement in *Reliable Electric Co. v. Olson Const. Co.*, 726 F.2d 620 (10th Cir.), and described the implications of a failure to give notice where required. We rely on that decision and opinion and little more need be said. *Reliable* concerned circumstances where the proceedings had been concluded and the remedy was thereby somewhat limited. In the case before us the claim and the position of the bondholders was thrust into the reorganization proceedings and rejected early on and before any plan of reorganization had been approved and before any decisions of any consequence had been made. The solution or remedy was then easy and obvious to enable a disposition on the merits.

It seems apparent that a fair plan of reorganization could not be considered by the bankruptcy court when these claims were before the court but were not to be considered on the merits regardless of the due process and statutory implications. After all, the proceedings were for the benefit of the debtor with possible serious consequences on the property rights of others. In view of the nature of the bondholders' claims with the assertions of fraud,

there was an even heavier burden than usual placed on the bankruptcy judge to reexamine the schedules and to resolve the issues raised. These had cast very serious doubts on whether notice of bar dates could be limited only to the creditors listed by the debtor, all of this regardless of Mr. Sheftelman's procedural problems.

We must conclude that it was error for the bankruptcy court and the district court to limit notice requirements to the creditors listed by this debtor when others become known and whose claims were clearly stated and brought to the attention of the bankruptcy court with motions for specific action. The bankruptcy court had a responsibility under the Act, the rules, and as a court of equity to give all creditors an opportunity to present their claims in the proceedings.

■ We have considered the briefs and arguments of the parties as to the sanction of dismissal levied against Mr. Sheftelman for his failure to appear in Denver for depositions in response to an order of the court that he so appear. Fed.R.Civ.P. 37(b)(2). This order was entered as a protective order when depositions had been scheduled for Rhode Island. The order required his appearance on the stated date unless his deposition was taken before that time. We find no abuse of discretion in the use of the sanction. The definitions and requirements in *Patterson v. C.I.T. Corp.*, 352 F.2d 333 (10th Cir.), and *Gates v. United States*, 752 F.2d 516 (10th Cir.), were met.

In view of the disposition of this appeal it is not necessary to consider the class action claims issue. The district court and the bankruptcy court holdings and orders are reversed insofar as they did not require that notice be given to the bondholders of the described issue and did not set a new bar date for claims. The orders are affirmed insofar as sanctions ordered against Mr. Sheftelman.

IT IS SO ORDERED.