**David Matthew WRIGHT, Appellant,**

v.

**PLACID OIL COMPANY, Appellee.**

No. CA–89–1252–T.

United States District Court,
N.D. Texas,
Dallas Division.

Oct. 11, 1989.

George Tarpley, Dallas, Tex., for appellant.

Thomas J. Armstrong, Roberts, Seymour, Jr., Simon, Anisman, Doby, Wilson & Skillern, Fort Worth, Tex., for appellee.

Robert G. Richardson, Hutcheson & Grundy, Dallas, Tex., for the Committee of Placid Oil Co.

## MEMORANDUM OPINION AND ORDER

MALONEY, District Judge.

This is an appeal of an order of the United States Bankruptcy Court for the Northern District of Texas which denied Appellant's motion to modify, terminate or annul automatic stay and Appellant's motion for leave to file proof of claim after expiration of bar date. For the reasons stated herein, we affirm.

On June 1, 1989, Appellant filed its opening brief. Appellee filed its response on June 12, 1989. The Official Unsecured Creditors' Committee of Placid Oil Company filed its response on June 14, 1989, adopting Appellee's brief.

On March 30, 1989, the Bankruptcy Court, Judge Harold C. Abramson presiding, entered an order denying Appellant's motions for leave to file a proof of claim out of time and to modify, terminate, or annul the automatic stay to allow a tort suit in Louisiana to proceed. Pursuant to 28 U.S.C. § 158(a), Appellant appeals the bankruptcy court's decision.

According to Bankruptcy Rule 8013, the findings of fact of the Bankruptcy Court are reviewed under a clearly erroneous standard. Bankr.Rule 8013; *Matter of Consolidated Bancshares, Inc.*, 785 F.2d 1249, 1252 (5th Cir.1986); *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1308 (5th Cir.1985). However, the Bankruptcy Court's conclusions of law are subject to *de novo* review. *Matter of Consolidated Bancshares, Inc.*, 785 F.2d at 1252.

## BACKGROUND

On June 23, 1986, Appellant was injured while working at a Houma, Louisiana location operated by Placid Oil Company. On June 22, 1987, Appellant filed suit in the 32nd Judicial District Court, Parish of Terrebonne, Louisiana, naming Penrod Drilling Company and Placid Oil Company as defendants. However, Appellant's counsel chose to reserve serving the defendants until December 31, 1987. On January 11, 1988, Placid Oil advised Appellant's attorney, Barry J. Boudreaux, of the pending Chapter 11 proceedings and sent Boudreaux a copy of the Order of Meeting of Creditors and Fixing Time for Filing Complaints to Determine Dischargeability of Certain Debts Combined With Notice Thereof and of Automatic Stay. However, the bar date for filing proofs of claims, which was January 31, 1987, had already passed.

Appellant filed his Motion to Modify, Terminate or Annul the Automatic Stay with the bankruptcy court on August 29, 1988 and his Motion for Leave to File Proof of Claim After Expiration of Bar Date on September 29, 1988. On March 30, 1989, the bankruptcy court entered its findings and conclusions denying Appellant's motions. Appellant now appeals that ruling, claiming that the bankruptcy court abused its discretion in not allowing his claim because he had no notice, or that pursuant to Bankruptcy Rule 9006(b)(1) Appellant had shown excusable neglect. Appellant also contends that his claim should be allowed because, as a matter of law, he was denied due process. Finally, Appellant contends that the bankruptcy court abused its discretion in refusing to lift the automatic stay.

## ANALYSIS

Appellant's first point of error is that he should have been permitted, pursuant to Bankruptcy Rule 3003(c)(3), to file his claim because he had no notice of the bar date and that no harm would occur to Appellee's estate by allowing the claim. Appellant's second point of error is that he should have been permitted, pursuant to Bankruptcy Rule 9006(b)(1), to file his claim because he had shown excusable neglect.

A bankruptcy court may, in its discretion, extend the bar date to allow for late claims for cause shown. Bankr.Rule 3003(c)(3). Rule 3003(c)(3) must be read in conjunction with Rule 9006(b). *In re*

*South Atlantic Financial Corp.*, 767 F.2d 814, 817 (11th Cir.1985). Rule 9006(b) provides that the court "may at any time in its discretion ... on motion made after expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." Bankr.Rule 9006(b)(1). Although Appellant asserts that each of these rules provides a different theory upon which a court can allow a creditor to file a proof of claim after the expiration of the bar date, these rules will be considered together. It is clear that Appellant's motion to file proof of claim out of time was after the expiration of the bar date.

█ Some of the factors considered in determining whether or not to allow the late filing of a proof of claim include: (1) the adequacy of the notice provided, (2) the source of the delay, (3) the prejudice, if any, that will inure to the debtor should the claim be allowed, (4) length of the delay, and (5) good faith of the creditor. *In re O.P.M. Leasing Services, Inc.*, 48 B.R. 824, 830–31 (S.D.N.Y.1985); *In re Murchison*, 85 B.R. 37 (Bkrtcy.N.D.Tex.1987); *In re Jartran, Inc.*, 76 B.R. 123 (Bkrtcy.N.D.Ill. 1987).

The Bankruptcy Rules require that the Court Clerk provide the creditors with notice of the first meeting of creditors, Bankr.Rule 3002(c), and that the notice advise creditors of the need, method and deadline to file a proof of claim. Bankr. Rule 2002. The Supreme Court has held that a claim may not be precluded where notice of the bar date was not in conformity with the statutory requirements. *New York v. New York, New Haven & Hartford R.R. Co.*, 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953). In that case, the Court stated that "even creditors who have knowledge of a reorganization have a right to assume that the statutory 'reasonable notice' will be given them before their claims are forever barred." 344 U.S. at 297, 73 S.Ct. at 301. The creditor does not have a duty to inquire for himself about possible court orders limiting the time for filing claims. *Id.* However, the Court distinguished between known and unknown

creditors, stating that necessity may require resorting to notice by publication where the names, interests and addresses of persons are unknown. *New York*, 344 U.S. at 296, 73 S.Ct. at 301 (citing *Standard Oil Co. v. New Jersey*, 341 U.S. 428, 71 S.Ct. 822, 95 L.Ed. 1078 (1951)). Therefore, in the present case, if Placid knew of Wright's claim at the time it filed its chapter 11 petition, Wright was entitled to formal notice of the bankruptcy proceedings and the order setting the bar date. Additionally, Wright's failure to receive such notice would constitute excusable neglect sufficient to allow it to file a late proof of claim.

█ Other than when a known creditor is not listed on the schedules and hence fails to receive notice of the filing deadline, the bar date is strictly enforced. *In re Cmehil*, 43 B.R. 404, 408 (Bkrtcy.N.D.Ohio 1984); *In re Pine Associates, Inc.*, 35 B.R. 49 (Bkrtcy.D.Conn.1983). However, the Court notes that Appellant was an unknown creditor and notice of the bar date to Appellant was adequate. On November 11, 1986, the bankruptcy court entered its Order Setting Bar Date, wherein January 31, 1987 was established as the bar date for filing claims. At this time, Placid did not know about Wright's claim because he did not file his lawsuit against Placid in Louisiana state court until June 22, 1987 and did not serve the petition on Placid until December 31, 1987. Because he was an unknown creditor, he was not listed on the schedules and thus did not receive actual notice of the bar date. Placid had published a notice of the order setting the bar date in the *Wall Street Journal*. Without notice of Wright's claim, Placid could not have been expected to provide actual notice to him. The Court finds that the publication of the notice was sufficient notice under the rules since Appellant was an unknown creditor at the time of the filing of the bankruptcy petition and at the time the order setting the bar date was entered. *New York*, 344 U.S. at 296, 73 S.Ct. at 301.

The Court finds that Wright was an unknown creditor and notice by publication was therefore adequate; thus, Wright

must show that his failure to file a timely proof of claim was due to excusable neglect. *In re Flanigan's Enterprises, Inc.,* 77 B.R. 963 (Bkrtcy.S.D.Fla.1987). Proof of excusable neglect requires proof that "the failure to timely perform a duty was due to circumstances which were beyond the reasonable control of the person whose duty it was to perform." *In re South Atlantic Financial Corp.,* 767 F.2d at 817.

■ Because notice was sufficient under the rules, the fact that Appellant did not receive actual notice of the bankruptcy does not constitute excusable neglect. Appellant did not file suit until one year after his claim arose, and he reserved service on the defendants for another six months. After the debtor was served, the debtor immediately notified Appellant of the bankruptcy by sending him a copy of the "Order for Meeting of Creditors and Fixing Times for Filing Complaints to Determine Dischargeability of Certain Debts Combined With Notice Thereof and of Automatic Stay." After receiving this notice, Appellant should have at least checked the schedules to see if its claim was listed or was listed as disputed. As the bankruptcy court noted, Appellant did nothing to pursue the bankruptcy action nor did he even enter an appearance. Had Appellant taken these steps, it is likely that the bar date would have been discovered. Granted, Appellant still would have been unable to comply with the bar date because the bar date had already passed at that point; however, he would have discovered this fact much sooner, and could have moved for leave to file the claim out of time much sooner. The Court finds that these things were under the control of Appellant and failure to take these steps was imprudent.

Appellant asserts that he in good faith pursued his claim by determining whether a direct action against Placid's insurer was available in Louisiana and that his determination was delayed by Placid's delay in answering Appellant's inquiries about insurance. However, the actions that Appellant took had no bearing on the bankruptcy action and could not preserve Appellant's claim in the bankruptcy action. Therefore, this does not prove good faith in pursuing the bankruptcy action.

Additionally, the bankruptcy court confirmed a plan of reorganization of Placid on September 30, 1988. Allowing Appellant's claim now may result in prejudice to the other creditors. As the court in *Matter of Pagan,* 59 B.R. 394 (D.Puerto Rico 1986) recognized, "Trustees, creditors, debtors and even bankruptcy judges are entitled to some measure of finality in bankruptcy proceedings." *Id.* at 396. Allowing Appellant's claim now would prevent finality.

Finally, this Court agrees with the bankruptcy judge that Appellant's nearly eight month delay in filing his motions constitutes laches. Because Wright did not receive actual notice of the deadline for filing proofs of claim and he did not learn of the debtor's bankruptcy until after the deadline for filing claims had expired, it was within the court's discretion to grant him leave to file his proof of claim. However, the bankruptcy court is not required to reward dilatory conduct by exercising its discretion to allow the late filing of a proof of claim.

Therefore, this Court finds that it was not an abuse of discretion to disallow the late filed claim. Because notice of the bar date was adequate under the Bankruptcy Rules, the bankruptcy court was well within its discretion in finding that Appellant had not shown cause to extend the bar date.

Appellant's third point of error is that his claim should be allowed because, as a matter of law, he was denied due process. Since the determination of whether Appellant was denied due process is a conclusion of law, this determination is subject to *de novo* review.

■ The notice to the creditor of the bankruptcy and the bar date must also satisfy constitutional due process requirements. The Fifth Circuit has held that "[a] creditor's claim can be barred for untimeliness only upon a showing that it received reasonable notice." *Matter of Robintech, Inc.,* 863 F.2d 393, 396 (5th Cir.1989). Whether a creditor has received reasonable notice depends upon the circumstances of the particular case. *Id.* Due process re-

quires that reasonable notice is that which is reasonably calculated to inform a party of the pendency of an action, reasonably conveys all of the required information, and permits a reasonable amount of time for response. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 318, 70 S.Ct. 652, 657, 659, 94 L.Ed. 865 (1950). The requirements of adequate notice differ with respect to known creditors and unknown creditors. *Sheftelman v. Standard Metals Corp.*, 839 F.2d 1383, 1386 (10th Cir.1987). Actual notice must be given to known creditors, and constructive notice must be given to unknown creditors. *Id.* This Court finds that notice by publication is sufficient for notifying unknown creditors of the order setting the bar date. *In re O.P.M. Leasing Services, Inc.*, 48 B.R. 824, 831 (S.D.N.Y.1985). Therefore, Appellant was not denied due process and it is not necessary that his claim be allowed as a matter of law.

■ Appellant asserts that he is entitled to a reversal of the order denying his Motion to Modify, Terminate or Annul the Automatic Stay. Appellant made the motion to lift the stay so that he may proceed with his tort claim in Louisiana state court. Appellant argues that there is cause to lift the stay and allow him to pursue his tort claim because the bankruptcy court does not have jurisdiction to hear the tort claim, and therefore, his claim will not be discharged in the bankruptcy proceeding. Although the bankruptcy court may not have jurisdiction to hear Appellant's tort claim, this Court finds that the bankruptcy court did not abuse its discretion in denying the motion to lift the stay because, as the bankruptcy court pointed out, it would serve no purpose in allowing the state court litigation to go forward since no proof of claim can be filed in bankruptcy court as a result of a final judgment against Placid in that case.

## CONCLUSION

While this Court may have reached a different conclusion, this Court does not find that the bankruptcy court abused its discretion in denying the relief sought by Appellant. This Court affirms the bankruptcy court's ruling denying Appellant permission to file a late proof of claim against the Placid estate. Appellant failed to demonstrate excusable neglect justifying the allowance of a late filed proof of claim. This Court also finds, as a matter of law, that Appellant was not denied due process.

This Court also affirms the Bankruptcy Court's ruling denying Appellant's motion to lift the stay in the Louisiana state court litigation. Appellant will not be allowed to file a proof of claim as a result of any judgment in that case; therefore, allowing that litigation to go forward would serve no purpose.

AFFIRMED.