**In re AMDURA CORPORATION; Amdura National Distribution Company, fka Fok; Coastamerica Corporation; Coast to Coast Holdings, Inc.; Coast to Coast Stores, Inc.; and Intertrade Cargo, Inc.; (The "Claimants"), Debtor(s).**

Bankruptcy Nos. 90 B 03811 E, 90 B 03812 E, 90 B 03813 D, 90 B 03814 D, 90 B 03815 J and 90 B 03816 E.

United States Bankruptcy Court, D. Colorado.

Aug. 22, 1991.

Robert W. Jones, David M. Bennett, Thompson & Knight, Dallas, Tex. and Merrie Margolin Kippur, McKenna & Cuneo, Denver, Colo., for Amdura Corp.

Jeffrey M. Villanueva, Bader & Villanueva, Denver, Colo. and Michael D. Donovan, Greenfield & Chimicles, Haverford, Pa., for claimants and the class.

Jolene M. Wise, Chicago, Ill., for S.E.C.

## OPINION AND ORDER ON MOTION TO CERTIFY CLASS

CHARLES E. MATHESON, Chief Judge.

Saul Jones, Amtax Company, Inc., Michael Malone and Arleen Gayl ("Claimants") have filed in this Court a Proof of Claim on behalf of themselves and on behalf of a class composed of individuals who purchased stock of Amdura Corporation ("Amdura") during a limited period of time prior to the filing by Amdura of its Chapter 11 petition in this Court. In pursuit of that class claim, the Claimants filed a motion pursuant to Federal Rule of Bankruptcy Procedure 9014 seeking an order certifying a class and designating the Claimants as representatives of the class. The Debtor has objected to that motion and has challenged the right of the Claimants to file a class proof of claim in this bankruptcy proceeding.

In its opinion in *In re Standard Metals Corp.*, 817 F.2d 625 (10th Cir.1987), the Tenth Circuit Court of Appeals held, in a split decision, that a proof of claim may not be filed by class representatives on behalf

of a class of claimants. The Claimants and the Securities and Exchange Commission ("Commission") have argued to this Court that the *Standard Metals* opinion on this issue is, at best, only dicta and not binding on this Court. Thus, the threshold issue that must be addressed in ruling on the Claimants' motion for class certification is the precedential effect of the *Standard Metals* opinion.

The confusion concerning the precedential effect of the *Standard Metals* opinion arises because of the subsequent opinion issued by the Tenth Circuit in *Sheftelman v. Standard Metals Corp.*, 839 F.2d 1383 (10th Cir.1987), and because of certain unpublished orders issued by the Tenth Circuit in connection with the latter opinion. In order to properly analyze the status of the *Standard Metals* decision, there must be some examination of the opinions and the peripheral orders.

The *Standard Metals* opinion arose out of orders entered in the underlying bankruptcy case for the debtor, Standard Metals Corporation. In that proceeding, Mr. Sheftelman filed a proof of claim on his own behalf and on behalf of a class comprised of certain persons who had purchased bonds issued by a subsidiary of Standard Metals. The debtor objected to the claim on the grounds that it had not been timely filed and on the additional ground that class claims could not be filed in a bankruptcy case.

The objection to Mr. Sheftelman's claim was set for hearing by the bankruptcy court. In the interim, there was some skirmishing between the parties on discovery issues. The result was that at the hearing on the objections to Mr. Sheftelman's claim the bankruptcy court dismissed the claim as a sanction for Mr. Sheftelman's failure to comply with certain discovery orders. The court also held that the Sheftelman claim had not been timely filed and that, in any event, class claims could not be filed in bankruptcy proceedings. *In re Standard Metals Corp.*, 48 B.R. 778 (Bankr.D.Colo. 1985). On the appeal of those orders, the district court affirmed without reaching the class claim issue.

In the Tenth Circuit, Mr. Sheftelman argued that the bankruptcy court had erred in dismissing his personal claim as a discovery sanction. He also argued that class claims are permissible in bankruptcy and that the bondholders had not received proper notice of the bankruptcy proceeding. The Circuit Court affirmed the dismissal of Mr. Sheftelman's claim as a discovery sanction. Having done so, the court concluded that it was necessary to consider the class claim issue even though it had not been considered by the district court. The Circuit Court then held that it is not permissible to file class claims in bankruptcy. *In re Standard Metals Corp.*, supra, 817 F.2d at 630. The court, however, declined to address the notice issues, finding that Mr. Sheftelman did not have standing to raise those issues on behalf of the bondholder class. *Ibid*, 817 F.2d at 631.

After the court issued its opinion, the Commission, as a party in interest pursuant to 11 U.S.C. § 1109(a), sought rehearing on the notice issue. The court granted the Commission's motion by way of an unpublished order which specified that the rehearing was to be limited to the question of whether the bondholders had received adequate notice of the bankruptcy. Ultimately, the court issued its opinion holding that the debtor was required to give specific notice to the bond purchasers of the bankruptcy filing and that a new bar date should be established giving the bondholders the opportunity to file claims. *Sheftelman v. Standard Metals*, supra, 839 F.2d at 1387.

Although the court had ordered that, on rehearing, the issues were to be limited to those concerning the adequacy of notice to the bondholders, the court, nonetheless, also proceeded to consider again the propriety of the bankruptcy court's order dismissing Mr. Sheftelman's claim as a discovery sanction. That order was affirmed without reference to the court's prior opinion in the *Standard Metals* case.

Having dealt with the notice issue, and also with the sanctions issue, the court in the *Sheftelman* opinion then stated:

In view of the disposition of this appeal, it is not necessary to consider the class action claims issue. The district court and the bankruptcy court holdings and orders are reversed insofar as they did not require that notice be given to the bondholders of the described issue and did not set a new bar date for claims. The orders are affirmed insofar as sanctions ordered against Mr. Sheftelman. *Sheftelman,* supra, 839 F.2d at 1387.

The class claimants in the instant case focus, not surprisingly, on the language in the *Sheftelman* opinion where the court stated that "In view of the disposition of this appeal it is not necessary to consider the class action claims issue." They argue that this language indicates a clear intent on the part of the Tenth Circuit panel to withdraw its opinion in *Standard Metals* on the class claims issue. Having examined the matter, this Court now concludes that the class claims holding in *Standard Metals* was not modified or withdrawn in *Sheftelman* and that it was, and remains the holding of the Tenth Circuit panel that class claims are not permissible in bankruptcy.

This Court's conclusion is forced from an analysis of why the Circuit Court examined the class claim issue in the first instance. It did so in reliance on its prior opinion in the case of *Reed v. Heckler,* 756 F.2d 779 (10th Cir.1985) and out of concern for the effect on the class of the dismissal of Mr. Sheftelman's personal claim.

The court in *Standard Metals* stated its view, as expressed in *Reed, supra,* that the dismissal of Mr. Sheftelman's personal claim as a discovery sanction did not dispose of the class claim. There still remained the question of whether a class should have been certified. The court stated:

> In the present case, the bankruptcy court refused to allow Sheftelman to file a class proof of claim because the court believed that the Act did not allow class proofs of claim. If we were to hold that the court was incorrect in its interpretation of the Act, the denial of class certification would have been based on an erro-

neous view of the law.... Therefore, if the bankruptcy court erred in its determination that class proofs of claim are not allowed, the proofs of claim for the class would not have been moot notwithstanding the dismissal of Sheftelman's individual claim. *Reed* then makes it necessary for us to consider whether the Bankruptcy Court was correct in holding that class proofs of claim were not permissible under the Act. *In re Standard Metals Corp.,* 817 F.2d at 630.

The ultimate disposition of the appeal in the *Sheftelman* opinion did not dispose of the issue posed in *Standard Metals* which drove the court to consider the class claim issue in the first instance. The fact that the individual bondholders were to now be renoticed and given the opportunity to file individual claims did not negate the possible propriety of the filing by Mr. Sheftelman of the class claim. The court was still required, by its interpretation of *Reed,* to inquire into the question of whether the bankruptcy court had declined to certify a class because of an erroneous belief in the law.

Without question, the language in *Sheftelman* concerning the lack of necessity to then consider the class claim issue raises uncertainty. There is a strong inference that in *Sheftelman* the court, having ordered that the bondholders were to be given another opportunity to file their individual claims, also concluded that the class claim issue was moot. After all, if all of the bondholders were going to be given the chance to file individual claims, what need was there of a class claim?

To ask the question is to answer it. The claim being asserted on behalf of the class was a complex securities fraud claim. The bondholders, individually, would have been poorly equipped to pursue the claim. Thus, even though the individual bondholders could file claims on their own behalf there remained a legitimate reason why a class claim, on behalf of all of the bondholders, might have been appropriate presuming such a claim could be filed in the bankruptcy proceeding. However, if the Circuit Court failed to deal with the class claim

issue, the bankruptcy court's order barring a class claim would be final, thereby precluding the refiling of a class claim. This would have been a decidedly adverse result to the class claimants if, in fact, the bankruptcy court's order was premised on an erroneous view of the law. The class claim issue simply had to be resolved.

The Tenth Circuit appears to have recognized the ambiguity created by its *Sheftelman* opinion and the pertinence of the *Reed* analysis. Following *Sheftelman*, the Tenth Circuit panel issued another pertinent unpublished order. That order stated:

> The original opinion in this case filed April 29, 1987, is ordered vacated only insofar as it addresses the issue of notice to the bondholder class. *With respect to all other issues*, the panel opinion is not vacated. (Emphasis added.)

This Court concludes that this supplemental order was the means by which the Circuit Court endeavored to clarify *Sheftelman* and resolve the class claim issue. The supplemental order affirms that the class claim analysis set forth in *Standard Metals* was not vacated but remained in effect as the holding of the court. In the Tenth Circuit, proofs of claim on behalf of a class may *not* be filed in bankruptcy proceedings.

This Court is aware that the circuit courts which have considered this issue since *Standard Metals* have held that class claims are permissible in bankruptcy proceedings, and there is much to be said for this point of view. *In re American Reserve Corp.*, 840 F.2d 487 (7th Cir.1988); *In re The Charter Coal*, 876 F.2d 866 (11th Cir.1989), *petition for cert. dismissed,* — U.S. —, 110 S.Ct. 3232, 110 L.Ed.2d 678 (1990); *Reid v. White Motor Corp.*, 886 F.2d 1462 (6th Cir.1989), *cert. denied* — U.S. —, 110 S.Ct. 1809, 108 L.Ed.2d 939 (1990). Nonetheless, having concluded that the Tenth Circuit has held to the contrary, this Court is compelled to follow that court's pronouncement. *Hutto v. Davis*, 454 U.S. 370, 375, 102 S.Ct. 703, 706, 70 L.Ed.2d 556 (1982). ("Unless we wish anarchy to prevail within the federal judicial system, a precedent of this Court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be").

Pursuant to the findings and conclusions stated herein, it is

ORDERED, that the motion of the Claimants to certify a class claim herein and to designate them as the representatives of that class is DENIED, and the objection of the Debtor to the allowance of the proof of claim on behalf of the class is GRANTED.