In re AMDURA CORPORATION, Amdura National Distribution Company f/k/a Fok, Coastamerica Corporation, Coast to Coast Holdings, Inc., Coast to Coast Stores, Inc. and Intertrade Cargo, Inc., Debtors.

Saul JONES, Amtax Company, Inc., Michael Malone and Arlene Gayl, Appellants,

v.

AMDURA CORPORATION, Appellee.

Civ. A. Nos. 91–K–1521, 91–K–1728.

United States District Court, D. Colorado.

Aug. 3, 1994.

Jeffrey M. Villanueva, Bader & Villanueva, Denver, CO, for appellants.

Merrie Margolin Kippur, McKenna & Cuneo, Denver, CO, David M. Bennett, Thompson & McKnight, Dallas, TX, for appellee.

John Richards Lee, Asst. Regional Director, Jolene M. Wise, S.E.C., Chicago, IL, for S.E.C.

## MEMORANDUM DECISION ON APPEAL

KANE, Senior District Judge.

This is a consolidated appeal from the following orders of the bankruptcy court: (1) August 22, 1991 order rejecting the class proof of claim filed by class representatives, Saul Jones, Amtax Company, Inc., Michael Malone and Arlene Gayl ("Appellants"), on behalf of themselves and a certified class of purchasers of securities of Amdura Corporation ("Amdura"); and (2) September 19, 1991 order confirming the plan of reorganization of Amdura. I reverse the August 22, 1991 order and remand to the bankruptcy court to decide whether to apply Bankruptcy Rule 7023 (incorporating Federal Rule of Civil Procedure 23) to the Amdura bankruptcy proceedings. I also reverse the September 19, 1991 order discharging the claims of those creditors in the putative class. In the event the bankruptcy court does not apply Rule 7023 to these proceedings, notice regarding Amdura's bankruptcy shall be served by mail on the putative class members and a new bar date be set for their claims.

### I. *Background.*

In January and March 1990, Appellants filed two class action complaints in the United States District Court for the District of Colorado against Amdura and others, alleging securities fraud by Amdura and some of its officers and directors (the "class litigation"). On April 2, 1990, Amdura filed for bankruptcy and was severed from the class litigation which continued against the officers and directors.

On September 27, 1990, Judge Finesilver, presiding over the class litigation, certified a class of persons who purchased Amdura common and preferred D stock during the period December 5, 1988 through March 6, 1990. On October 19, 1990, the bankruptcy court set January 10, 1991 as the bar date for filing all claims. Amdura mailed a Notice of Last Day to File Claims ("bar date notice") to its creditors, including only those members of the class certified in the class litigation who held Amdura securities as of October 15, 1990.

Amdura also published notice of the bar date in the national edition of the Wall Street Journal and other regional publications. The bar date notice provided general instructions for the filing of proofs of claim and stated "holders of outstanding shares of common stock need not file a proof of interest arising from their ownership of such shares." Neither the mailed nor the published notice included information regarding the class litigation nor instructions to the members of the class regarding the filing of their proofs of claim.

On October 30, 1990, Appellants, the certified class representatives, filed a class proof of claim in the bankruptcy court on behalf of an identical class of Amdura securities purchasers as Judge Finesilver had certified a month earlier. Amdura objected to the class proof of claim on May 17, 1991 on the grounds that Appellants did not have authority to file a class proof of claim in bankruptcy and that adequate notice of the bar date was given to members of the class requiring them to file individual claims.

On June 5, 1991, pursuant to Bankruptcy Rule 9014, Appellants requested the bankruptcy court to (1) overrule Amdura's objection to the class proof of claim, (2) apply Bankruptcy Rule 7023 and, by reference Rule 23 of the Federal Rules of Civil Procedure, to the class proof of claim, and (3) certify a class consisting of unsecured creditors who purchased the common or preferred stock of Amdura during the class period. After a hearing, the bankruptcy court issued its August 22, 1991 order upholding Amdura's objection and denying Appellants' requests.

The bankruptcy court determined class proofs of claim were not permitted in bankruptcy, viewing as controlling authority *Sheftelman v. Standard Metals Corp. (In re Standard Metals Corp.),* 817 F.2d 625 (10th

Cir.1987), *vacated and rev'd on other grounds on rehearing,* 839 F.2d 1383, 1387 (10th Cir.1987), *cert. dismissed,* 488 U.S. 881, 109 S.Ct. 201, 102 L.Ed.2d 171 (1988) (*"Standard Metals I"*). Appellants filed a notice of appeal on August 30, 1991 ("class proof of claim appeal," case number 91–K–1521). On November 20, 1991, the Securities and Exchange Commission ("SEC") filed a brief in support of the appeal pursuant to the Bankruptcy Code, 11 U.S.C. § 1109(a).[1]

On September 19, 1991, after several days of hearing, the bankruptcy court ordered Amdura's fifth amended joint plan of reorganization confirmed. At the hearing, Appellants objected to the adequacy of the bar date notice and the notice of the confirmation hearing, and to the bankruptcy court's failure to certify a class of defrauded securities purchasers. On September 30, 1991, Appellants appealed claiming, inter alia, the bar date notice was unconstitutional ("confirmation order appeal," case number 91–K–1728).

## II. *Class Proof of Claim Appeal.*

■ In its August 22, 1991 order, the bankruptcy court determined it was bound to follow the decision of the Tenth Circuit in *Standard Metals I,* 817 F.2d at 630, which ruled a class proof of claim filed on behalf of a class of defrauded bondholders of a Standard Metals subsidiary was not permissible in bankruptcy. I review this conclusion of law *de novo. Branding Iron Motel, Inc. v. Sandlian Equity, Inc. (In re Branding Iron Motel, Inc.),* 798 F.2d 396, 399–400 (10th Cir.1986).

After the *Standard Metals I* ruling, the SEC, pursuant to 11 U.S.C. § 1109(a), sought rehearing on the issue of notice to the bondholders. In its second opinion, *Sheftelman v. Standard Metals Corp.,* 839 F.2d 1383, 1387 (10th Cir.1987), *cert. dismissed,* 488 U.S. 881, 109 S.Ct. 201, 102 L.Ed.2d 171 (1988) (*"Standard Metals II"*), the Tenth Circuit found the debtor had not given adequate notice. The court directed appropriate notice be given to the bondholders and or-

dered the setting of a new bar date, permitting all members of the purported class to file their claims. The court, in addition, affirmed the bankruptcy court's use of the sanction of dismissal against Sheftelman for his failure to comply with a court order to appear at a deposition. The Tenth Circuit stated:

> In view of the disposition of this appeal *it is not necessary to consider the class action claims issue.* The district court and the bankruptcy court holdings and orders are reversed insofar as they did not require that notice be given to the bondholders of the described issue and did not set a new bar date for claims. The orders are affirmed insofar as sanctions ordered against Mr. Sheftelman.

*Id.* (emphasis added).

The Eleventh Circuit has commented on the uncertain precedential value of the holding in *Standard Metals I:* "The [*Standard Metals II*] resolution apparently obviated the need to decide whether the other bond purchasers had valid, filed proofs of claim in the form of the class proof of claim. Therefore, despite the scope of the order vacating the original panel opinion, the discussion of class proofs of claim in the [*Standard Metals I*] opinion may be dicta." *Certified Class in Charter Securities Litigation v. Charter Co. (In re The Charter Co.),* 876 F.2d 866, 869 n. 4 (11th Cir.1989), *cert. dismissed,* 496 U.S. 944, 110 S.Ct. 3232, 110 L.Ed.2d 678 (1990). Similarly, in the case before me, the bankruptcy court acknowledged:

> Without question, the language in *Sheftelman* concerning the lack of necessity to then consider the class claim issue raises uncertainty. There is a strong inference that in *Sheftelman* the court, having ordered that the bondholders were to be given another opportunity to file their individual claims, also concluded that the class claim issue was moot. After all, if all of the bondholders were going to be given the

---

1. "The Securities and Exchange Commission may raise and may appear to be heard on any issue in a case under this chapter, but the Securities and Exchange Commission may not appeal from any judgment, order, or decree entered in the case." 11 U.S.C. § 1109(a). Although pre-

cluded from initiating an appeal in this capacity, the Commission may join or participate in an appeal taken by others. *See, e.g., Sheftelman v. Standard Metals Corp.,* 839 F.2d 1383, 1386 (10th Cir.1987), *cert. dismissed,* 488 U.S. 881, 109 S.Ct. 201, 102 L.Ed.2d 171 (1988).

chance to file individual claims, what need was there of a class claim? (R.Doc. 3081 at 5.) Nevertheless, the bankruptcy judge determined the class claim holding remained binding because he considered the order requiring the individual bondholders be given notice and the opportunity to file proofs of claim did not moot the issue of the right to file a class proof of claim. (*Id.*)

The bankruptcy court also relied on the Tenth Circuit's unpublished order after *Standard Metals II* stating its opinion in *Standard Metals I* was vacated only insofar as it addressed the notice issue. The court maintained this supplemental order affirmed the class claim analysis in *Standard Metals I* "was not vacated but remained in effect as a holding of the court." (*Id.* at 6.) The bankruptcy judge recognized later decisions in other circuit courts have held class claims are permissible in bankruptcy proceedings, citing *In re American Reserve Corp.*, 840 F.2d 487, 493–94 (7th Cir.1988); *Certified Class in Charter Securities Litigation v. Charter Co. (In re The Charter Co.)*, 876 F.2d 866, 876 (11th Cir.1989), *cert. dismissed*, 496 U.S. 944, 110 S.Ct. 3232, 110 L.Ed.2d 678 (1990); *Reid v. White Motor Corp.*, 886 F.2d 1462, 1472 (6th Cir.1989), *cert. denied*, 494 U.S. 1080, 110 S.Ct. 1809, 108 L.Ed.2d 939 (1990).[2] Although the court found "much to be said for this point of view," it held itself bound by the Tenth Circuit's decision to the contrary. (R.Doc. 3081 at 6.)

I disagree with the bankruptcy court's conclusion for two reasons. First, I concur with *The Charter Co.* court's reasoning that the analysis regarding class proofs of claim in *Standard Metals I* was dictum, i.e. not necessary to the decision of the case. *See McDaniel v. Sanchez*, 452 U.S. 130, 141, 101 S.Ct. 2224, 2231–32, 68 L.Ed.2d 724 (1981). Such an expression is not binding as authority within the stare decisis rule, *id.*, even on courts inferior to that from which it emanated. *See United States v. 5.935 Acres of Land, Tax Map Key (3)2–8–017–43, Honomu*, 752 F.Supp. 359, 362 (D.Hawaii 1990) (where the court ruled the claimant lacked standing, its statement on the law applicable to the merits of the case was necessarily nonbinding dictum).

Upon rehearing in *Standard Metals II*, the Tenth Circuit stated in no uncertain terms, "[i]n view of the disposition of this appeal it is not necessary to consider the class action claims issue." 839 F.2d at 1387. As the bankruptcy court acknowledged, this remark infers by ordering the individual bondholders to be given an opportunity to file individual claims, the *Standard Metals II* court considered the class claim issue moot. The unpublished supplemental order, by indicating the class claim analysis in *Standard Metals I* was not vacated, left it standing as dictum, rather than recreating it as the final dispositive ruling in the case. For these reasons, I hold the ruling of the Tenth Circuit on the issue is not controlling law.

Even if one accepts the *Standard Metals I* rejection of class proofs of claim as binding, the facts in this case are clearly distinguishable. At the time the class proof of claim was filed in *Standard Metals I*, the proposed class had not been certified in the district court presiding over the securities fraud litigation. To the contrary, here, Appellants filed the class proof of claim after the district court had certified the class.

Whereas in *Standard Metals I* the debtor had not been a party to the securities fraud litigation before it filed for bankruptcy, here Amdura had to be severed from the litigation after it filed for bankruptcy. In contrast to *Standard Metals I*, Appellants filed their class proof of claim against the debtor after Judge Finesilver had authorized them to pursue such claim. A rule permitting a litigant to elude a class action order not to its liking entered *pendente lite* by initiating a bankruptcy proceeding and obtaining a vacatur without any judicial decision would be ex-

**2.** Subsequent district court opinions have generally followed the reasoning of these circuit court cases. *See, e.g., Wilson v. Valley Elec. Membership Corp.*, 141 B.R. 309, 311 (E.D.La.1992); *Iles v. LTV Aerospace and Defense Co. (In re Chateaugay)*, 104 B.R. 626, 627–28 (S.D.N.Y.1989); *Zenith Lab., Inc. v. Sinay (In re Zenith Lab.)*, 104 B.R. 659, 662 (D.N.J.1989); *see generally*, Anthony M. Sabino, *In a Class by Itself: The Class Proof of Claim in Bankruptcy Proceedings*, DePaul L.Rev. 115 (1990).

tremely imprudent. For these additional reasons, I find *Standard Metals I* does not preclude the filing of a class proof of claim in this case.

Since I conclude *Standard Metals I* is not binding, I look to the Bankruptcy Code and Rules and other authorities to determine whether a bankruptcy judge has the discretion to permit the filing of a class proof of claim. Bankruptcy Rule 7023 provides: "Rule 23 F.R.Civ.P. applies in adversary proceedings." Rule 23 of the Federal Rules of Civil Procedure governs class actions. The subject class proof of claim is a "contested matter."[3] Bankruptcy Rule 9014 applies in contested matters and permits the bankruptcy court "at any stage in a particular matter [to] direct that one or more of the other rules in Part VII shall apply." Part VII includes Rule 7023. Rule 9014 therefore authorizes a bankruptcy court to exercise its discretion to invoke Rule 7023, and by inference Federal Rule of Civil Procedure 23, the class action rule, at any stage in a contested matter, including at the stage of filing of a proof of claim.

■ Section 501 of the bankruptcy code provides:

(a) A creditor or an indenture trustee may file a proof of claim. An equity security holder may file a proof of interest.

(b) If a creditor does not timely file a proof of such creditor's claim, an entity that is liable to the creditor with the debtor, or that has secured such creditor, may file a proof of such claim.

(c) If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim.

While the code authorizes filings by certain representatives, it is silent on whether other representative filings are permissible. In *Standard Metals I,* 817 F.2d at 630–31, the court concluded this list is exclusive and does not therefore allow the filing of a claim by one creditor, e.g. a class representative, on behalf of another. However, as pointed out in *American Reserve,* "[n]either the legislative history nor the structure of the 1978 [Bankruptcy] Code suggests the list in § 501 is exclusive." 840 F.2d at 492.

Applying the maxim *expressio unius est exclusio alterius* in interpreting § 501 negates two bankruptcy rules. Rule 7023 referencing the class action rule to adversary proceedings becomes superfluous if § 501 absolutely prevents a class representative from filing a claim on behalf of another. Similarly, Rule 3001(b) permitting the execution of a proof of claim by a "creditor's authorized agent," is meaningless if § 501 is strictly construed.[4]

*Standard Metals I,* 817 F.2d at 632, took the position that class action procedures can only be employed in bankruptcy proceedings to consolidate similar claims that have already been individually filed. Although this approach acknowledges one of the goals of the class action rule, that of consolidation of multiple claims, it ignores another, allowing the prosecution of small claims as an aggregate where it would not be economically feasible to prosecute them individually. *See The Charter Co.,* 876 F.2d at 871. It also contravenes the policy of the Bankruptcy Code to bring all claims forward, particularly where a class has already been certified. *Id.*

The legislative history is silent as to the specific issue, but the newly enacted bankruptcy code of 1978 expanded the definition of a "claim," to include the following broad language: "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5). The legislative intent in broadening the definition was "that all legal obligations of the debtor, no matter how remote

---

3. "Whenever there is an actual dispute, other than an adversary proceeding, before the bankruptcy court, the litigation to resolve that dispute is a contested matter. For example, the filing of an objection to a proof of claim ... creates a dispute which is a contested matter." Fed. R.Bankr.P. 9014 advisory committee's note.

4. Bankruptcy Rule 3001(b) pertinently provides: "A proof of claim shall be executed by the creditor or the creditor's authorized agent."

or contingent, will be able to be dealt with in the bankruptcy case. It permits the broadest possible relief in the bankruptcy court." H.Rep. No. 595, 95th Cong., 1st Sess. 309 *reprinted in* 1978 U.S.C.C.A.N. 5787, 6266. A limited interpretation of § 501 is inconsistent with such broad goals as it effectively excludes from the definition of "claim," the right to payment of a putative class.

The Supreme Court in *Califano v. Yamasaki,* 442 U.S. 682, 700, 99 S.Ct. 2545, 2557, 61 L.Ed.2d 176 (1979) held 42 U.S.C. § 405(g) of the Social Security Act, providing "any individual" may seek judicial review of final administrative determinations, permits class actions for such relief although the statute does not specifically authorize such actions. *Id.* at 699–700, 99 S.Ct. at 2556–57. The Court held the Federal Rules of Civil Procedure (and in particular Rule 23) apply in the absence of a "clear expression of congressional intent" to the contrary. *Id.*

The Tenth Circuit in *Standard Metals I,* 817 F.2d at 631 n. 8 distinguished *Yamasaki,* stating the Federal Rules are not generally applicable in a contested bankruptcy' proceeding, but are applied in the court's discretion. However, as pointed out in *The Charter Co.,* "with respect to Bankruptcy Rule 7023, that discretion relates to the same discretion exercised by any district court judge in deciding whether or not class certification under Rule 23 is appropriate. We cannot see how this distinction would affect this *Yamasaki* presumption." 876 F.2d at 872 n. 10. Further, courts have permitted class actions where no express rule authorized them and where the Federal Rules of Civil Procedure were not generally applicable. *See Iles v. LTV Aerospace and Defense Co. (In re Chateaugay Corp.),* 104 B.R. 626, 633 (S.D.N.Y. 1989). Accordingly, I find there is no "clear expression of congressional intent" in the bankruptcy code to bar the presumption that class proofs of claim are permissible.

Bankruptcy Rule 3001(b) allows a proof of claim to be executed by "the creditor or the creditor's authorized agent." Applying the *Yamasaki* presumption, "creditor" would include a creditor in his capacity as class representative. Alternatively, applying the rationale of *American Reserve,* 840 F.2d at 493,

a putative representative becomes the "authorized agent" if the bankruptcy judge has certified a class and the original filing by the representative becomes effective for the whole class. *Id.* Therefore, "there may be class proofs of claims in bankruptcy." *Id.*

For the aforesaid reasons, I remand to the bankruptcy court to decide whether to apply Bankruptcy Rule 7023 to this proceeding.

### III. *Confirmation Order Appeal.*

The second appeal challenges the bankruptcy court's September 19, 1991 order confirming the plan of reorganization of Amdura. The issues raised in this appeal are whether the bankruptcy court was correct in its findings that: (1) the manner in which the bar date notice was served on the members of the putative class was consistent with due process standards; and (2) the form of the bar date notice comported with due process standards. In review, I must accept the bankruptcy court's findings of fact unless they are clearly erroneous. Bankr.R. 8013; *Branding Iron Motel, Inc.,* 798 F.2d at 399.

### A. *Service of Bar Date Notice.*

■ Appellee argues the issue of whether a class proof of claim can be filed in a bankruptcy proceeding "has no bearing on the confirmation of Amdura's plan of reorganization." (Confirmation Order Appeal, Appellee's Br. at 2.) However, as the court stated in *American Reserve,* "[i]f the bankruptcy judge denies the request to certify a class, then each creditor must file an individual proof of claim; the putative agent never obtains 'authorized agent' status." *Id.* Clearly, this procedure envisages members of a putative class which the court refuses to certify being afforded an opportunity to file individual claims. This is consistent with *Standard Metals II* which held:

> Notice must be given to "all creditors" under Rule 2002(a) of the time set for filing proofs of claim. The term "all creditors" has no qualifications or limitations. *New York v. New York, New Haven & Hartford Railroad Co.,* 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333. This notice must also be given to satisfy due process requirements. *Mullane v. Central Hanover*

*Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865. We are referring to actual notice to *known creditors,* and these are creditors whose actual identity is known and those within an identified group or category as were the bondholders of the particular bond issue here concerned whose addresses are "reasonably ascertainable."

839 F.2d at 1386.

In the case before me, on August 21, 1991, the bankruptcy court determined class proofs of claim were not permitted in bankruptcy proceedings. The bankruptcy court did not extend the bar date (which had already passed) nor did it insure notice to the members of the class to allow each to file an individual claim. There is no question the members of the class certified in the class litigation were "creditors" under 11 U.S.C. § 101(10).[5] Through their representatives, these persons had filed suit against Amdura in January and March 1990, alleging securities fraud. Amdura was severed from the class litigation because it filed for bankruptcy. Not only was Amdura aware of these individual creditors, but the bankruptcy court was made aware of their existence when Appellants filed their motion in June 1991 requesting, *inter alia,* class certification. As stated in *Standard Metals II:*

> When the existence of these persons as creditors became known to the bankruptcy court it was incumbent that action be taken in accordance with Rule 2002, its equity powers and general powers (Section 105 of the Code), to see that proper notice was given to permit a resolution on the merits.... The debtor of course, had a comparable duty.

839 F.2d at 1386. *See also Reliable Elec. Co. v. Olson Constr. Co.,* 726 F.2d 620, 622 (10th Cir.1984) (holding a creditor with general knowledge of debtor's reorganization proceeding has a right to formal notice regarding such proceedings "before his claim is forever barred").

Amdura gave actual notice to members of the class certified in the class litigation who held Amdura securities as of October 15, 1990. Amdura argues actual notice to those who were no longer record owners on that date would have been impracticable and expensive and they received notice by publication in the *Wall Street Journal* and seven other regional newspapers.[6] Amdura relies on the statement in *Novak v. Callahan (In re GAC Corp.),* that "publication alone was sufficient to apprise those persons who had purchased debentures during the period in question, but no longer held them at the time the Claims Bar Order was issued, of the May 1, 1978 deadline for filing individual proofs of claim." 681 F.2d 1295, 1300 (11th Cir.1982). However, the *GAC* court recognized "notice by mail is required where the trustee has *actual knowledge* of the existence of a claim and the name and address of the claimant is easily ascertainable." *Id.*

In *GAC,* the court noted, even assuming a class proof of claim to be allowable, Novak had failed to follow any of the procedures required to prosecute a class action. *Id.,* at 1299. Novak had not filed a Rule 9014 motion requesting Rule 723 apply nor had he attempted to obtain the required class certification. *Id.* All Novak had done to prosecute a class claim was to file his individual proofs of claim, stating they were being filed on behalf of a purported class. *Id.* It is no wonder the *GAC* court concluded "the trustees only had actual knowledge of Novak's claim; possible claims by others who no longer held debentures were merely speculative." *Id.* at 1300. Here, however, Appellants had taken all necessary steps to file a class proof of claim in the bankruptcy proceedings and both Amdura and the bankruptcy court were aware of the existence of the individual creditors. Amdura could have obtained a list of these creditors' names and addresses from Appellants, their representatives. Applying

---

**5.** " '[C]reditor' means—(A) entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(10).

**6.** Amdura also speciously contends it could reasonably be assumed Appellants and their attorneys would have given notice of the bar date to the individual class members. On the one hand Amdura contests Appellants' representative capacity in these proceedings, on the other it seeks to rely on Appellants in that capacity to fulfill a duty which Amdura itself bore.

the principles of notice as stated in *GAC*, notice by mail was required. *Id.* Constructive notice would suffice only as to any remaining members of the group whose identity and whereabouts could not be so easily ascertained. *See Standard Metals II*, 839 F.2d at 1386.

In *Standard Metals II, id.*, the court relied on *Reliable Electric v. Olson Construction Co.*, which held "the reorganization process depends upon all creditors and interested parties being properly notified of all vital steps in the proceeding so they may have an opportunity to protect their interests." 726 F.2d at 623. In *Reliable Electric*, the Tenth Circuit affirmed the claim of a creditor who had not been given reasonable notice of a confirmation hearing was not bound by the reorganization plan and was not dischargeable. *Id.*

■ I conclude the bankruptcy court, after rejecting the proof of class claim, clearly erred in finding the manner in which the bar date notice was served on members of the putative class consistent with due process standards. Further, I reverse the bankruptcy court's September 19, 1991 order confirming Amdura's plan of reorganization because it erroneously held the plan discharged the claims of those creditors in the putative class. Finally, in the event the bankruptcy judge decides not to apply the class action rule to these proceedings, notice by mail shall be given to each member of the class certified by the district court of the member's right to file an individual claim and a new bar date set for such individual claims.

### B. *Form of Bar Date Notice.*

■ Appellants argue the form of the bar date notice did not comport with due process standards. To do so, such notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). The bar date notice stated: "Holders of outstanding shares of com-

mon, preferred or special stock of the Debtors need not file a *proof of interest* arising from their ownership of such shares." The SEC argues the notice was misleading and may have confused those security holders who were also class members as to whether or not to file a proof of claim. Appellants maintain the notice should have mentioned the class action against Amdura and advised individual members of the class they should file individual proofs of claim to avoid their claims being barred.

Amdura responds the language of its bar date notice is analogous to that contained in Official Bankruptcy Form 9 "Filing Claims" form, designed to advise creditors of the filing of a claim in a bankruptcy proceeding and of the bar date.[7] That form states, *inter alia:* "Creditors whose claims are not scheduled or whose claims are listed as disputed, contingent, or unliquidated as to amount and who desire to participate in the case or share in any distribution must file their proofs of claim." Amdura maintains its bar notice went beyond the requirements of the official form by stating: *"ALL PERSONS WHO, OR ENTITIES WHICH, FAIL TO FILE A PROOF OF CLAIM ON OR BEFORE THE BAR DATE SHALL BE FOREVER BARRED FROM VOTING UPON OR RECEIVING DISTRIBUTION UNDER ANY PLAN OR PLANS OF REORGANIZATION OF THE DEBTORS."* (R.Doc. 1343, Ex. A.)

I must determine whether the bar notice was "of such nature as reasonably to convey the required information." *See Mullane*, 339 U.S. at 314, 70 S.Ct. at 657. Such notice should be "clear and definite, not abstract and ambiguous." *Rowe Int'l, Inc. v. Herd (In re Herd)*, 840 F.2d 757, 760 (10th Cir. 1988). While "the purpose of the notice requirement is to advise individuals who will be affected by the outcome of any proceeding of the impending *hearing* so that they can take steps to safeguard their interests.... [it] is not necessarily intended to advise them of the nature of those interests." *In re Penn Cent. Transp. Co.*, 771 F.2d 762, 768 (3d Cir.), *cert. denied*, 474 U.S. 1033, 106 S.Ct. 596, 88 L.Ed.2d 576 (1985).

---

7. Rule 9009 of the Bankruptcy Rules states: "The Official Forms prescribed by the Judicial Conference of the United States shall be ob-

served and used with alterations as may be appropriate. .... The forms shall be construed to be consistent with these rules and the Code."

Neither Appellants nor the SEC have provided persuasive authority in support of their contention the notice should have advised class members of the nature of their interest. Furthermore the explicitness of the bar date notice goes beyond that of the equivalent officially approved bankruptcy form. I therefore find the bankruptcy court was not clearly erroneous in finding the content of the bar date notice reasonably advised interested parties of the bankruptcy proceedings and afforded them the opportunity to file a claim.

### IV. *Conclusion.*

I reverse the bankruptcy court's August 22, 1991 order and remand to the bankruptcy court to decide whether to apply Bankruptcy Rule 7023 to this proceeding.

Further, I reverse the bankruptcy court's September 19, 1991 order confirming Amdura's plan of reorganization. Finally, I order, in the event the bankruptcy judge decides not to apply the class action rule to these proceedings, notice by mail shall be given to each member of the class certified by the district court of the member's right to file an individual claim and a new bar date be set for such individual claims.